No. 9857.

Orleans Appeal.

RESONIA THOMPSON, Widow, Appellant, v. J. B. LEVERT LAND CO., INC.

(April 27, 1925, Opinion and Decree.)
(May 25, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Master and Servant —Par. 156, 157.**

Plantation or farming operations are not hazardous within the detailed enumeration and classifications of Section 1 of the Workmen's Compensation Law of Louisiana (Act 20 of 1914 as amended) and a farm laborer upon such a farm or plantation does not come within the law's provisions.

2. **Louisiana Digest—Master and Servant —Par. 153; Insurance—Par. 20, 28.**

A contract of insurance under which the insurer agrees to pay to the assured's employees such compensation as may be due them under the provisions of the Compensation Law, is a contract personal to insurer and insured and can in no way work an estoppel or alter the provisions of the law as to coverage.

3. **Louisiana Digest—Master and Servant —Par. 160 (c), 160 (e).**

A contract of compensation insurance written under the provisions of the compensation law becomes a contract for the benefit of a third person (employee) and directly enforceable by such employee when and only when compensation is awarded or agreed upon, or where the employer becomes insolvent, or execution upon a judgment for compensation is returned unsatisfied (Sections 23 and 25 of Act 20 of 1914, as amended). Even if, and when, a contract of compensation insurance be deemed a contract for the benefit of a third person, such contract could have no bearing on an action by such third person against only the employer.

Appeal from the Civil District Court for the Parish of Orleans, Div. "B", Hon. M. M. Boatner, Judge.

This is a suit brought under the Workmen's Compensation Act, by the widow for compensation for death of husband.

Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

Chas. J. Mundy, attorney for plaintiff and appellant.

John May, attorney for defendant and appellee.

BELL, J. This is a suit in which the widow of one Leonard Thomas, a former employee of defendant, brings suit under the Workmen's Compensation Act, and alleges that her husband, the deceased, lost his life on the morning of June 5, 1923, while on his way to work and while in the act of crossing Bayou Lafourche, a navigable stream in the State of Louisiana, and while upon a small ferry provided by defendant for the use of such of its employees as live in Thibodaux, having occasion to cross Bayou Lafourche on their way to its property, known as Rienzi Plantation; that while so crossing, a barge, being propelled by a small steamer, ran into the ferry boat, injuring petitioner's husband, who, immediately after the accident, was found to have a deep gash on his head, resulting either from being struck

by the barge and killed outright or being so stunned as to drown when knocked into the bayou.

The petition sets forth that plaintiff's deceased husband was at the time of the accident employed as a laborer on the aforesaid plantation, at wages stipulated, and was a field hand whose daily work was in the rice field of defendant's plantation. It is then set up that the defendant carried a policy of indemnity accident insurance in the Travelers' Indemnity Company of Hartford, Connecticut, against accidents to its employees, and that upon demand by petitioner, immediately after the accident, for compensation, the defendant referred petitioner to the insurance company, who refused to recognize petitioner's claim; that petitioner's husband was killed while actually engaged in the trade, business or occupation of his employer; which was of a dangerous and hazardous nature, and especially so when petitioner's husband was compelled to cross a bayou, as described; that the accident was incidental to, and grew out of, the hazardous employment, and that petitioner is entitled to the wages sued for.

Defendant admits that it is a corporation; that plaintiff's husband was in its employ on the date mentioned; that it furnished a small skiff to be used by its employees in crossing the bayou, which skiff was propelled, by means of a rope, across the bayou, and that plaintiff's husband was crossing the bayou in the skiff on the morning in question, when the skiff was run down as alleged, and that the husband's death resulted from such collision, and, finally, that petitioner's husband was on his way to work at the time.

Defendant denies, however, that petitioner's husband was engaged in a hazardous occupation or that his wages were such as are claimed.

It is finally averred by way of defense, that the accident occurred on a public navigable stream, and that the rights and liabilities of all parties in connection therewith are matters clearly within the admiralty jurisdiction.

There was judgment for defendant, from which plaintiff has appealed.

There is little, if any, conflict of evidence in this case, and we find that the accident happened as above set forth. The party operating the barge is not made defendant in this case, and we are of the opinion that the final defense set up in this case as to the liability, if any, arising within the admiralty jurisdiction, has no application and may be disregarded.

The Workmen's Compensation Law of Louisiana, known as Act 20 of 1924 (as amended), applies only to hazardous occupations specifically enumerated in Par. 2 of Sec. 1 of said Act, or to occupations determined to be hazardous by agreement between employer and employee, or by submission to the Court at the instance of either employer or employee, the Court's decision under such submission not to be retroactive. The alternative applications of the Act, except as to hazardous occupations specifically enumerated in Par. 2 are found in Par. 3 of Sec. 1.

Applying the law, as just noted, to the facts of this case and to the special admission that the deceased was only a field hand, employed on the plantation of the defendant at the time of the accident, and it being plain from the language of the Act that such employment is not an occupation stipulated as one of a hazardous nature, it follows as a logical deduction that plaintiff has no right of recovery, unless it be the law that the deceased must be considered to have been performing services arising out of and incident to his employment when he met his death.

We cannot bring ourselves to any such conclusion; but it is contended by counsel for plaintiff that defendant's liability obtains notwithstanding the law and the facts just noted above, for the reason that the defendant carried a policy of insurance against liability arising under the Act. However, the Workmen's Compensation Law does not provide for compulsory insurance, although under Sec. 23 thereof, it is stipulated that such a policy may redound to the benefit of the insured if it contains the agreement of the insurer to pay to the person entitled to compensation all installments that may be awarded or agreed upon, and that under such condition, such agreement shall be construed as a direct obligation by the insurer to the employee.

Another condition found in Sec. 25 of the Act is to the effect that if insurance is carried and the employer be or becomes insolvent, or the execution upon a judgment for compensation be returned unsatisfied, then the employee or his dependents may enforce their claims against the insurer.

We, therefore, conclude that the judgment appealed from is in every respect correct and should be affirmed.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from herein be and the same is hereby affirmed at plaintiff's costs in both courts.