## DE LONY v. LANE et al.
### No. 4881.

Court of Appeal of Louisiana. Second
Circuit.
June 29, 1934.

Phanor Breazeale and Blount B. Breazeale,
Jr., both of Natchitoches, for appellant.

Richard B. Williams, of Natchitoches, for
appellee.

TALIAFERRO, Judge.

Plaintiff seeks to hold defendants, C. W.
Lane and D. H. Waller, the owner and over-
seer, respectively, of Halifax plantation in
Natchitoches parish, La., responsible to him
for workmen's compensation alleged to be
due him for injuries received while perform-
ing the duties of bricklayer on the planta-
tion. He alleges that he was engaged in a
hazardous occupation, but he does not al-
lege that defendant's occupation or business
was hazardous. It is also alleged that while
performing the duties he was engaged by said
overseer to perform, a splinter was driven in-
to the flesh between the thumb and forefinger
of his right hand from which pain and in-
flammation resulted, finally causing tempo-
rary total disability on his part to per-
form work of any reasonable character. He
sues for 65 per cent. of his weekly wages for
20 weeks and for an amount expended for
medical attention.

Defendants deny responsibility for com-
pensation sued for. Waller avers that he
merely acted as Lane's representative by em-
ploying plaintiff to repair brick chimneys of
buildings on the plantation, and was not his
master in any respect.

The case was tried on the merits, result-
ing in a judgment for plaintiff and against
Lane, from which Lane appealed.

In this court appellant filed an exception
of no cause of action and no right of action,
directed against plaintiff's petition, the pro-
ceedings, and the entire record in the case.
This exception is obviously well founded,
and will be sustained. We find it unneces-
sary to consider the merits of the case.

■ Only those workmen who are injured
while performing services arising out of
and incidental to their employment in the
course of the master's hazardous trade, busi-
ness, or occupation, are entitled to recover the
compensation vouchsafed to them by the law.
There are many trades, businesses, and oc-
cupations that are not hazardous per se or
declared so by law. Paragraph (a), subsection
2 of section 1 of the Workmen's Compensa-
tion Law (Act No. 20 of 1914). Nowhere do
we find that the operation of a plantation or
conducting a farm is declared hazardous. In
Thompson v. J. B. Levert Land Co., 2 La.
App. 159, it was specifically held that such
businesses were not hazardous. We adopt
that ruling on the question. It is the nature
of the trade, business, and occupation of the
employer or master, and not the particular
duty or service of the employee or servant,
that determines the right, or lack of right, to
compensation when injury befalls the em-
ployee. Subsection 2 of section 1, Workmen's
Compensation Law. Williams v. O. K. Con-
struction Co. (La. App.) 151 So. 784.

This question was recently considered by
us in Bradley v. Blakely, reported in 154 So.
415, wherein it was held that where pulp-
wood was incidentally sold from the farm by

the owner, that as the farming activities themselves could not be classed as hazardous, under the statute, the incidental line of business could not be so classed.

For the reasons assigned, the exception of no cause and no right of action filed by appellant is sustained, and plaintiff's suit is dismissed, and his demands rejected at his cost.