## GRAY et al. v. TREMONT LUMBER CO.

### No. 5712.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

Rehearing Denied June 30, 1938.

Certiorari Denied Oct. 31, 1938.

Julius T. Long, of Shreveport, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

TALIAFERRO, Judge.

Lela Bowers Gray, the surviving widow of Ivy Gray, deceased, in her own right and in behalf of her two minor children, viz.: Earl and Mildred, issue of her marriage to the decedent, sues to recover workmen's compensation alleged to be due them on account of the death of the husband and father while performing duties under a contract of employment with defendant.

Defendant is engaged in the manufacture of lumber at Rochelle, Louisiana. It owns and operates a large sawmill there, and as an important feature of such business, handles timber and logs in large quantities. The hazardous character of its business is not denied. In conjunction with said business, a distance of approximately 200 yards from the sawmill, it has an office building of eight rooms. This is used to house its

clerical force, records and equipment, indispensable adjuncts of its manufacturing business. Some of its officers have quarters therein. The deceased was employed as porter of this office building at a salary of $50 per month. His duties were to sweep and clean the floors, start fires, dust off the furniture, etc., daily, and to perform such other acts therein as were necessary to maintain its interior appearance in satisfactory condition. In addition to the foregoing, it was his duty to carry his employer's mail to and from the post office. As a rule he would do the greater part of this work between six and eight o'clock of the morning, before the officers and clerical force arrived to begin the day's work. His duties did not require that he have any contact with the sawmill or accessory machinery or equipment and, in fact, he did not do so. While sweeping out one of the office rooms at about 7:30 the morning of December 30, 1936, he was suddenly stricken with apoplexy, became unconscious and partially paralyzed. He died the following day.

Plaintiff alleges and contends that decedent was stricken while in the act of moving or lifting a heavy desk. Defendant denies all of the essential allegations of the petition, except the death of Ivy Gray, as alleged, and specifically defends the suit upon two distinct propositions, to-wit: (1) That decedent did not come to his death by means of an accident, and (2) if death was due to an accident, or compensation is recoverable because he did not perform hazardous duties, nor was he subjected to the hazards of defendant's business, while and when performing the duties of his employment.

The demands of plaintiff were rejected below and she appealed.

■ If either defense is held to be untenable, plaintiff cannot prevail. We shall dispose of the second of the defenses urged as this is the more important, so far as the jurisprudence will be served therefrom.

Section 1 of the Workmen's Compensation Act (Act No. 20 of 1914) provides that it shall apply to "every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, businesses and occupations." The operation of a saw mill is specifically declared to be a hazardous business. Of course, in the present case, it is obvious that the services performed by decedent in no manner nor to any extent influenced, had any bearing upon or contributed to any extent to the operation of the sawmill and its incidental hazardous lines of activity. The mill could run and manufacture lumber and by-products without any one performing services of the character deceased performed. In Hall et al. v. City of Shreveport, 157 La. 589, 102 So. 680, the Supreme Court declared that the "primary purpose of the Compensation Act is to *provide compensation for workmen injured while employed in certain hazardous trades, businesses, and occupations*". [page 681]. And in Dartez v. Sterling Sugars, 7 La.App. 414, as reflected from the syllabus, it was held:

"The Employers' Liability Act No. 20 of 1914, as amended, is essentially intended to provide insurance against all risks to which the employee may be exposed by his employment, * * *."

It has several times been held that the operation of a plantation or a farm does not fall within the purview of the act, as regards hazardousness; also, that of carriage driving. Other instances could be mentioned. It has also been held that if the employee is required to perform both hazardous and non-hazardous duties, and is injured while in the performance of the non-hazardous, compensation is due him. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303; Youngblood v. Colfax Motor Co., 12 La.App. 415, 125 So. 883.

But we know of no case of recovery by an injured employee wherein it was shown that in the discharge of his duties he was not required to be near or have contact with the hazardous phases of his employer's business, and where, as in this case, his duties were wholly non-hazardous and he was stricken while in the performance of such non-hazardous duties.

The converse of the question has been upheld in well considered cases. In the discharge of his duties, deceased's situation was as free from danger from accident and injury as would have been had his employer been engaged exclusively in a non-hazardous business.

In Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273, a scavenger for a logging camp was denied compensation. The court gave the following reasons for its decision [page 274]:

"While defendant was performing services at a logging camp, yet, within the purview of the statute, he was not performing them in logging itself, nor was he em-

ployed to do so. While his employment inured indirectly to such operations, yet he was not engaged in them.

"The conducting of a logging camp (the camp being nothing more than the quarters for those engaged in logging), although part of the logging business, is not hazardous, and therefore one employed to perform and engaged in performing services in such a camp is not performing them in a hazardous occupation. It cannot even be said that the work of a scavenger is hazardous, although performed in such a place, but we think that it is the occupation in which the person is employed to perform the service, rather than his particular duties, that determines the question."

See, also, Richardson v. Crescent Forwarding & Trans. Co., 17 La.App. 428, 135 So. 688, where Judge Higgins made the following pertinent remarks, unanswerable, we think, viz. [page 689]:

"We quite agree with counsel for defendant that the mere fact that certain phases of the general work conducted by a master are hazardous does not result in bringing under the protection of the act all employees, whatever may be their duties. For instance, stenographers, office boys, bookkeepers, and such other employees as are not brought into contact with the hazardous features of the master's business are not protected, and, if injured, must seek redress under article 2315 of the Civil Code. But, where certain phases of the work are hazardous and are within the contemplation of the compensation statutes, all employees engaged therein, or necessarily brought into direct contact therewith, are afforded the protection which the compensation statutes were designed to furnish."

This comment of the court was approved and quoted in a later case decided by the same court, viz., Crews v. Levitan Smart Shops, Inc., 171 So. 608.

This court held in Hinton v. Louisiana Central Lumber Co., 148 So. 478:

"Employee's acting as messenger, as guide in pointing out roads, as scaler or estimater of down timber, and as conservation employee in saving some from fire, in isolated instances, did not constitute 'log-ging,' so as to make his employment partly hazardous (Act No. 20 of 1914, as amended)."

Plaintiff's energetic counsel contends, as has been broadly held in several cases, that it is the character of the employer's business with respect to it being hazardous, and not the nature of the particular duty of the employee, which determines employee's right to compensation when injured in the course of his employment; and cites Stockstill v. Sears-Roebuck & Co., 151 So. 822, decided by this court, as well as several other cases. The principle therein announced is sound so far as stated. But this statement of the principle omits a fact material to its general application, and that is that the duties of the employee require him to be exposed to the dangers of the hazardous phases of the master's business, because of close proximity thereto; or that such duties are incidental thereto. To illustrate: A water boy would be entitled to compensation if injured by the machinery of a sawmill when in the performance of his duty which required him to regularly carry water to the servants operating such machinery. On the other hand, if his duties only required that he deliver water to an officer of the company in its office building, away from the plant, and he was injured while doing so, the case would not be compensable.

Plaintiff urges that her position is supported by the recent case of Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6, decided by the Supreme Court. We do not think so. In that case, plaintiff, a clerk-stenographer of the defendant company, whose business is hazardous under the statute, was injured in an automobile collision while on an errand for his employer. Plaintiff was operating a truck of his employer which was involved in the collision. The operation of the truck was clearly incidental to the employer's business. To do so, plaintiff was exposed to the hazardous phases of such business. He was not at the time of the collision performing the duties of clerk and stenographer, but that of chauffeur.

The judgment appealed from is correct. It is hereby affirmed with costs.