55 So.2d 647 (1951)
HARRINGTON
v.
FRANKLIN'S STORES CORP. OF NEW IBERIA et al.
No. 3474.
Court of Appeal of Louisiana, First Circuit.
December 20, 1951.
*648 Bienvenu & Culver, New Orleans, for appellant.
Jacob S. Landry, Guyton H. Watkins and Jack J. Cousin, all of New Iberia, for appellees.
ELLIS, Judge.
This suit is for workmen's compensation for total and permanent disability for injuries sustained by plaintiff while in the employ of the defendant, Franklin's Stores. This defendant's insuror was joined as a defendant. Exceptions of no legal right of action and no legal cause of action were overruled, and answer filed, and after a trial on the merits judgment was rendered in favor of the plaintiff and against the defendants awarding compensation at the rate of $7.80 per week for a period of thirty weeks. From that judgment defendants have prosecuted this appeal, which was not answered by the plaintiff.
Plaintiff was employed as a maid by the defendant, Franklin's Stores, and her principal duties consisted of general cleaning and the pressing of merchandise used for display in the window with an electrically powered steam iron. In cleaning the store she used an electrically powered vacuum cleaner. While performing her general duties plaintiff fell backward on a stairway from the upper floor of the establishment in which she worked, resulting in injuries, forming the basis of this suit. At the time she was not operating either of the appliances mentioned.
Since there is no dispute over the facts of this case, nor the amount of the award, the sole question presented is whether plaintiff's employment falls within the category of "hazardous trades, businesses and occupations" covered by the Workmen's Compensation Act, LSA-RS 23:1021 et seq.
Plaintiff contends that the operation of the electric iron and vacuum cleaner makes her employment hazardous and that such instruments are covered under the following language of Section 1, Paragraph 2, of the Workmen's Compensation Act, LSA-RS 23:1035, which enumerates certain hazardous features which have the effect of injecting hazardous elements into businesses otherwise nonhazardous, so as to make them subject to the provisions of the compensation laws. Among these set forth in Section 1, Paragraph 2 of the Act are:
"* * * The construction, installation, operation, alteration, removal or repairs of wires, cables, switchboards or apparatus charged with electrical current. * * *"
"* * * The installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery."
Plaintiff does not contend that defendant's business is one listed as hazardous per se, nor that it has been so declared previously by agreement or judicially. It is plaintiff's contention that the operation of the apparatus charged with electrical current was an integral part of defendant's business and it therefore became hazardous.
Defendants, on the other hand, take the position that the injuries sustained by the plaintiff were not compensable since the business of her employer was not hazardous, and there was no agreement between plaintiff and defendant prior to the accident electing to come under the terms of the Act, nor had it been determined by the Courts that the business was of a hazardous nature. It is also urged that the language of the Statute upon which the plaintiff bases her contention does not cover the operation of the iron or the vacuum cleaner, or such similar appliances, and that the operation of the iron and vacuum cleaner was not *649 a substantial and integral part of defendant's business.
It is well settled that the nature of the employer's business and not the particular work done by the employee is the determinative factor in suits of this type. Fields v. General Casualty Co. of America, 216 La. 940, 45 So.2d 85, and authorities cited.
The business of a retail merchant, that conducted by the defendant employer, is not declared by the Act as a hazardous occupation, Wells v. Morgan & Lindsey, La.App., 42 So.2d 282, and it is common knowledge that such a business is not per se hazardous.
The problem of a partially hazardous employment was first presented in the leading case of Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303, in which case the Supreme Court announced the doctrine that where an employee is required to discharge both hazardous and nonhazardous duties it is immaterial that the injury occurred while he was engaged in nonhazardous work. There is no difficulty in applying the doctrine of this case when the hazardous work performed by the employee is a substantial part of his employment, and in such cases our Courts have followed this doctrine. Scott v. Dalton Co., La.App., 1 So.2d 412; Franz v. Sun Indemnity Co. of New York, La.App., 7 So.2d 636; Richardson v. American Employers Insurance Co., La.App., 31 So.2d 527.
A more difficult problem arises however when the employee performs only occasionally acts that can be regarded as hazardous, and is injured in the course of his normal nonhazardous work. In Brownfield v. Southern Amusement Co., 196 La. 73, 198 So. 656, 660, the Supreme Court denied recovery, reversing both the District Court and the Court of Appeal, to a plaintiff who was injured when she fell off a stool in a cashier's window and was injured, although she used her own automobile a few hours each week, devoting this time to the inspection of signs and bill-boards, stating: "While the Workmen's Compensation Law should be liberally interpreted in favor of the injured employee, it should, nevertheless, be reasonably interpreted so as to avoid absurd consequences. If the plaintiff should be permitted a recovery in this case, then any employee, merely by the occasional and incidental use of an automobile, must be held to be engaged in a hazardous business, regardless of other facts and circumstances."
This Court, in Robin v. Brandin, La.App., 45 So.2d 423, denied compensation to a hotel employee, who was injured as a result of a fall from a ladder placed by him on the lid of the truck of his automobile preparatory to replacing burned-out electric bulbs in a sign in front of a hotel. The employee in this case merely screwed a bulb into a socket, and the decision holds this did not render that feature of the business hazardous.
Plaintiff herein cites Stockstill v. Sears-Roebuck & Co., La.App., 151 So. 822, as authority that the installation of electric refrigerators makes the business of a retail merchant of these appliances hazardous. However, as pointed out in Robin v. Brandin, supra, the Court held in the Stock-still case that it was not alleged what the process of installing one of the refrigerators included, and consequently an exception was overruled and the case remanded to the District Court for proof as to what was necessary to install such an appliance, and if these duties included some hazardous ones.
In Claiborne v. Smith, La.App., 2 So.2d 714, 715, it was held that a cook in the kitchen department of a cafeteria who came in contact with an electric refrigerator was not engaged in a hazardous employment, and the Court doubted "very much whether kitchen ranges, dishwashing machines, and the other devices employed in the kitchen of a restaurant may be classed with `boilers, furnaces and engines' within the meaning of the section of the act relied on * * *".
A suit for compensation brought by a porter and general utility man was dismissed in Atkins v. Holsum Cafeteria, La.App., 159 So. 758, 760, on the ground his employment was not hazardous, this Court stating that steam tables, dishwashing machines, *650 cooking ranges and other machines and devices used in the business were "no more hazardous than the devices used today in the modern up-to-date home."
As stated in Brownfield v. Southern Amusement Co., cited supra, if the interpretation of the Workmen's Compensation Act can be extended beyond the extremely liberal interpretation given to it in the case of Byas v. Hotel Bentley, there would be no such thing as an employment not covered by the provisions of the Statute. This was an expression of the Supreme Court, which further concluded that to so extend this doctrine would be to make workmen's compensation imposed by Statute "become the equivalent for life and accident insurance founded on contract". The section of the Act relied upon by plaintiff has been construed a number of times. The operation of a meat market has been held hazardous because it involved the use of an electrically driven meat grinder as an integral part of the business. Stephens for Use and Benefit of Stephens v. Catalano, La.App., 7 So.2d 380. Also Storm v. Johnson, La.App., 23 So.2d 639. In Wells v. Morgan & Lindsey, Inc., La.App., 42 So.2d 282, a business was held not to be hazardous because the defendant had in its store more than four electric fans and a small key machine operated by a one-twentieth horse power motor. Also, in Lafleur v. Johnson, La.App., 37 So.2d 869, 872, this Court denied recovery on the ground that plaintiff's employment was not hazardous where small enclosed electric motors were used in connection with the business. In the latter case it was stated that the plaintiff "would only be entitled to compensation if the facts showed that in the performance of [her] duties decedent necessarily came into direct contact with electric motors. * * * We do not want it understood, however, that these small, enclosed, electric motors in any particular case would be sufficient to classify an employer defendant as engaged in a hazardous and non-hazardous occupation."
In the present case there is no doubt as to what was necessary to be done by the plaintiff when she used both the electric steam iron and the vacuum cleaner. She was required merely to plug in the appliances and there is no showing in the petition that the use of these implements was any more hazardous than the devices used daily in any modern homes and, above all, we do not find the operation of the iron and vacuum cleaner to have been a substantial or integral part of the defendant's business.
It is, therefore, ordered, that the judgment of the District Court be reversed and plaintiff's suit dismissed at her cost.