HARDY, Judge.
Plaintiff instituted this suit for the recovery of compensation on a claim for total permanent disability and has brought this appeal from a judgment rejecting her demands.
The facts are so clearly established as to present no reasonable ground for dispute. The defendant employer, Remington-Rand, Inc., operates the Louisiana Ordnance Plant located near the Town of Minden in Webster Parish and is engaged in manufacturing, loading and shipping high explosive shells and ammunition designed for military use, and is therefore engaged in a hazardous business, trade and occupation' within the clear comprehension of the provisions of the workmen’s compensation statute, LSA-R.S. 23:1021 et seq. Plaintiff entered the employ of defendant on April 21,. 1952, as a typist, and later became secretary to one of the administrative officials of defendant’s plant. Plaintiff’s duties, which were recounted in detail in the course of her testimony on trial, consisted principally of typing, clerical, filing and general secretarial work which comprehended preparation of requisitions, work sheets, license agreements, leases, equipment transfers, keeping of stock records and issuance of supplies, in which latter pursuit she was entrusted with custody of the keys to. storage rooms and the responsibility of opening said rooms in order to permit the withdrawal of needed supplies.
The defendant’s plant is located on a U. S. Government Reservation covering an area of 15,500 acres, more or less, and the main entrance to the plant is adjacent to U. S. Highway 80. Plaintiff testified that during the period of her employment by defendant she performed her duties in five separate buildings in the administrative area of defendant’s plant, which is designated as “Area A” of the reservation, in which area are located the plant administrative buildings. Area A measured from the outside fence of the enclosure thereof is 1,800 feet from the nearest point at which any explosives are present, and this distance, with reference to the nearest of the buildings in which plaintiff performed any duties, was increased by 500 feet. The farthest distance which plaintiff was required to traverse in the course of the performance of her duties was approximately 300 yards, which she customarily traveled on foot. There was neither necessity nor requirement for using automotive transportation, though, on at least one occasion during the two-year period of her employment, it is shown that plaintiff was given an automobile ride from one building to another in a vehicle belonging to and driven by an employee of the United States Government. Plaintiff testified that at times it was necessary for her to *123 cross a railway track, but it is established by the testimony of a plant employee that this track was not used for transporting explosive substances, and, indeed, that there were strict regulations prohibiting its use for such purpose.
On the morning of March 26, 1954, plaintiff was engaged in filling out a requisition for an employee and found it necessary to reach up to a supply shelf for the purpose of lifting down four one ream packages of printed requisition forms approximating a total weight of twenty-four pounds. Plaintiff sustained a sharp pain in her back which later in the day became so troublesome as to necessitate her leaving work and securing hospitalization. The testimony conclusively establishes the fact that plaintiff sustained a ruptured intervertebral disc, causing total and permanent disability.
On the basis of the facts above stated it is quite definitely established:
(1). That defendant is engaged in a hazardous business.
(2). That plaintiff's employment was entirely non-hazardous.
(3). That plaintiff was not subjected, even remotely, to contact with or danger from the hazardous features of defendant’s business.
(4). That plaintiff sustained an accidental injury in the performance of a non-hazardous duty, and,
(5). That plaintiff is totally and permanently disabled as the result of such accidental injury,
There being no reasonable ground for dispute with respect to the factual conclusions, it is obvious that the issue here tendered concerns a question of law.
Distinguished counsel for plaintiff ably argues that all of plaintiff’s duties were in necessary connection with and promotion of her employer’s hazardous business, thus bringing the case within the oft-repeated and well established general pronouncement of our courts to the effect that the right of an employee to compensation is determined by the nature of the business of the employer and not the particular duty or service of the employee. Kern v. Southport Mill, Ltd., 174 La. 432, 141 So. 19; Charity Hospital of Louisiana v. Morgan, La.App., 143 So. 508; DeLony v. Lane, La.App., 155 So. 476; McAllister v. People’s Homestead & Savings Association, La.App., 171 So. 130; Harrington v. Franklin Stores, La.App., 55 So.2d 647.
The effect of the application of the general rule, stated supra, in the instant case would be to extend the benefits of coverage of the workmen’s compensation statute to every employee of every hazardous business, no matter how far removed such employee might be from the hazardous features of such enterprise. We think such a holding would be an unwarranted extension of the benefits of the statute and would do violence to the very purpose and intent thereof. The effect of such a holding, for example, would permit recovery by typists, clerks, bookkeepers, secretaries and members of similar classifications who perform their duties, in an administrative office building in Shreveport as employees of an oil company engaged in the hazardous business of refining oil production. with the actual site of such operations in the City of Baton Rouge. We have used this far-fetched illustration in order to emphasize the necessity for the interpretation of the general rule above stated with respect to the qualifications of factual circumstances in individual cases. The facts of the instant case, in our opinion, clearly remove it from the application of the general rule, for this plaintiff was stricken while in the performance of her duties, which were wholly non-hazardous, and in the performance of which she was far removed from any contact with the hazardous phases of defendant’s business. The facts involved in the instant case are strikingly similar to those adduced in the case of Gray v. Tremont Lumber Company, La.App., 185 So. 314, 315 (certiorari denied). In the cited case the defendant was engaged in a hazardous business, the operation of a large sawmill. Decedent was stricken in the performance of his nonhazardous duties. The court considered and rejected the application of the broad princi- *124 pie of the employer’s hazardous business as the determining' factor on the ground that the principle was applicable only in those cases where an employee’s duties required him to be exposed to the hazardous phases of the business. We quote, as being particularly appropriate to the instant case, an observation made in the opinion in the cited case, as follows:
“But we know of no case of recovery by an injured employee wherein it was shown that in the discharge of his duties he was not required to be near or have contact with the hazardous phases of his employer’s business, and where, as in this case, his duties were wholly non-hazardous and he was stricken while in the performance of such non-hazardous duties.”
Additionally, plaintiff’s counsel persuasively urges, quite obviously in a laudable effort to remove the instant case from the application of the holding in Gray v. Tre-mont Lumber Co., supra, another well established general principle to the effect that an employee is entitled to recover compensation if he is engaged in employment with reference to, in connection with, incident to, or in promotion of his employer’s trade, business or occupation, citing Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303; Hecker v. Betz, La.App., 172 So. 816; Gonsoulin v. Southern Amusement Company, La.App., 32 So.2d 94; Speed v. Page, La.App., 59 So.2d 138; Id., 222 La. 529, 62 So.2d 824; Crow v. Hosier, La.App., 66 So.2d 380.
We perceive no analogy between the cited cases and the case at bar, because in all of the cited cases the claimants, when injured, were engaged in the performance of duties which were either hazardous in themselves or in an employment which required the performance of both hazardous and non-hazardous duties.
Finally, it is contended on behalf of plaintiff that she was an “essential” rather than a “collateral” employee. Obviously this argument is designed to bring the instant case within the purview of the pronouncement of this court in Speed v. Page, supra, quoted by the Supreme Court in the same case, to the effect that the statute is intended to protect the right of an employee engaged in work which contributes to the benefit of the employer’s trade, business or occupation. To this end counsel argues that plaintiff’s work was essential to the conduct of defendant’s hazardous business and not merely collateral thereto. Conceding the reason of this position we again point out the proposition that the pronouncement of broad general principles must be considered in the light of the facts of the individual case. The definite distinction to be here made is that the plaintiff in the Speed case at the time of injury was engaged in hazardous work, while the plaintiff in the instant case was concerned with duties which were strictly non-hazardous.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.