83 So.2d 469 (1955)
Dorothy French COLEMAN, Plaintiff-Appellant,
v.
SEARS, ROEBUCK & COMPANY, Defendant-Appellee.
No. 8425.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1955.
Rehearing Denied November 29, 1955.
Morgan, Baker & Skeels, Shreveport, for appellant.
Wilkinson, Lewis & Wilkinson, Shreveport, for appellee.
AYRES, Judge.
Plaintiff instituted this action against her employer, Sears, Roebuck & Company, to recover compensation on a claim for total, permanent disability and has brought this appeal from a judgment sustaining an exception of no cause or right of action and dismissing her suit.
A resume of the facts alleged is first in order for an understanding of the issues presented by the exception. Plaintiff alleges that the defendant operates a large department store in the City of Shreveport, *470 Louisiana, where it sells all types of appliances, both mechanical and electrical, materials of all kinds and types, including building materials, automobile supplies, parts and equipment; where it operates elevators, escalators, and other mechanical contrivances; where it demonstrates mechanical contrivances of all kinds and types, including electrical, gas-burning and gasoline-powered motors, and that in connection with its business operates trucks, automobiles and warehouses, and further conducts such a large operation in said city that it requires a multiple six-story building to house its operations, and, in connection therewith, the operation of elevators and escalators is required, and that in its bookkeeping department the defendant is required to operate electrically powered office machines of all types and kinds and that, accordingly, the business of the defendant is in fact hazardous within the terms of the Louisiana Workmen's Compensation Law, LSA-R.S. 23:1021 et seq.
Plaintiff alleges that on or about July 28, 1953, and for some time prior thereto she was employed by the defendant as a supervising cashier; that in the performance of her duties she was required to travel throughout the store, to oversee the conduct and activities of the cashiers in the several departments, to collect money as it was received and to convey it to the central office, and to provide the various cashiers with necessary funds and change. In the discharge of her aforesaid duties, she was required to ride elevators and escalators in the building and to come in contact with gasoline and electrically powered appliances and motorized equipment and the demonstrations thereof, and to work in close proximity to electrically driven accounting machines.
It was further averred that at 9:30 A.M. on the aforesaid date while carrying out her aforesaid duties with the defendant and particularly while carrying an arm load of change from the second floor to the credit department on the third floor of the building and while riding an escalator, plaintiff lost her balance and fell backward the length of the escalator, causing her to sustain serious and permanent injuries which she enumerated and contended resulted in her total and permanent disability within the intent of the Workmen's Compensation Act.
The exception of no cause or right of action was based primarily on the following propositions: (1) that the operation of a general merchandise or department store is not designated as one of the hazardous businesses, trades or occupations in the Compensation Statute, and (2) that none of the duties of plaintiff's employment was hazardous.
That the operation of a general merchandise or department store is not designated in the Compensation Statute as a hazardous business has been uniformly recognized in the decisions of the courts of this State. Stockstill v. Sears-Roebuck & Co., La.App., 151 So. 822; Scott v. Dalton Co., Inc., La.App., 1 So.2d 412; Goodman v. National Casualty Co., La.App., 15 So.2d 173; Wells v. Morgan & Lindsey, Inc., La.App., 42 So.2d 282; Fields v. General Cas. Co. of America, 216 La. 940, 45 So.2d 85; Harrington v. Franklin's Stores Corp. of New Iberia, La.App., 55 So.2d 647.
But it is contended that a nonhazardous business or one that is not designated hazardous under the statute may have certain hazardous features, and that in the performance of his duties in such features or activities an employee is protected under the provisions of the Workmen's Compensation Statute. This contention is well taken. The jurisprudence is settled that while an employee renders services in a hazardous branch of his employer's non-hazardous business, he is covered by the statute; and even where the employee performs services in both the hazardous and non-hazardous features of his employer's business, he is entitled to compensation for disabling injuries sustained while performing services in the non-hazardous activities of such business. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303.
However, such is not the rule when an employee sustained accidental injuries *471 in the performance of her duties, which were wholly non-hazardous and in a nonhazardous branch of the employer's business. Plaintiff was essentially a clerical employee. It was not within the alleged scope of her duties to operate any of the mechanical office equipment or to operate or demonstrate any gasoline or electrically powered appliances. Neither was she required to operate elevators or escalators or any other form of machinery. The performance of her duties was entirely confined to non-hazardous work and to the non-hazardous features of her employer's business, if, indeed, such business possessed hazardous features. In the discharge of her duties plaintiff was as free from danger, from accident and injury as she would have been had her employer been engaged exclusively in a non-hazardous business. Defendant's principal business, at least, is non-hazardous and in that respect unlike that of the Tremont Lumber Company in Gray v. Tremont Lumber Co., La.App., 185 So. 314, where the hazardous character of defendant's business was not open to question; the essential and material facts are similar to the facts here. There, in addition to its operation of a large sawmill, the defendant maintained an office building wherein its clerical force, records and equipment, indispensable adjuncts of its manufacturing business, were housed. The employee, whose death was the subject of that action, was a porter whose duties were to sweep and clean the floors, start the fires and dust off the furniture and to perform other similar acts. He carried the mail to and from the post office. His duties did not require that he have any contact with the sawmill, its machinery or equipment and, in fact, he had no such connection. While sweeping one of the office rooms, he was suddenly stricken with apoplexy, became unconscious and partially paralyzed, dying the following day. This court held that inasmuch as the employee's duties were wholly non-hazardous and he was stricken while in the performance of such non-hazardous duties, his death was not compensable under the statute.
In the recent case of Brown v. Remington Rand, Inc., La.App., 81 So.2d 121, 123, compensation was denied to a clerical worker who sustained a ruptured intervertebral disc while reaching above to a supply shelf for the purpose of obtaining four one-ream packages of printed requisition forms approximating a total weight of twenty-four pounds. In denying plaintiff recovery there, this court stated:
"Distinguished counsel for plaintiff ably argues that all of plaintiff's duties were in necessary connection with and promotion of her employer's hazardous business, thus bringing the case within the oft-repeated and well established general pronouncement of our courts to the effect that the right of an employee to compensation is determined by the nature of the business of the employer and not the particular duty or service of the employee. Kern v. Southport Mill, 174 La. 432, 141 So. 19; Charity Hospital of Louisiana v. Morgan, La.App., 143 So. 508; De Lony v. Lane, La.App., 155 So. 476; McAllister v. Peoples Homestead & Savings Association, La.App., 171 So. 130; Harrington v. Franklin's Stores Corp., La.App., 55 So.2d 647.
"The effect of the application of the general rule, stated supra, in the instant case would be to extend the benefits of coverage of the workmen's compensation statute to every employee of every hazardous business, no matter how far removed such employee might be from the hazardous features of such enterprise. We think such a holding would be an unwarranted extension of the benefits of the statute and would do violence to the very purpose and intent thereof. The effect of such a holding, for example, would permit recovery by typists, clerks, bookkeepers, secretaries and members of similar classifications who perform their duties in an administrative office building in Shreveport as employees of an oil company engaged in the hazardous business of refining oil production with the actual site of such operations in the City of Baton Rouge. We have used this farfetched illustration in order to emphasize *472 the necessity for the interpretation of the general rule above stated with respect to the qualifications of factual circumstances in individual cases. The facts of the instant case, in our opinion, clearly remove it from the application of the general rule, for this plaintiff was stricken while in the performance of her duties, which were wholly non-hazardous, and in the performance of which she was far removed from any contact with the hazardous phases of defendant's business. The facts involved in the instant case are strikingly similar to those adduced in the case of Gray v. Tremont Lumber Co., La.App., 185 So. 314, 315 (certiorari denied). In the cited case the defendant was engaged in a hazardous business, the operation of a large sawmill. Decedent was stricken in the performance of his non-hazardous duties. The court considered and rejected the application of the broad principle of the employer's hazardous business as the determining factor on the ground that the principle was applicable only in those cases where an employee's duties required him to be exposed to the hazardous phases of the business. We quote, as being particularly appropriate to the instant case, an observation made in the opinion in the cited case, as follows:
"`But we know of no case of recovery by an injured employee wherein it was shown that in the discharge of his duties he was not required to be near or have contact with the hazardous phases of his employer's business, and where, as in this case, his duties were wholly non-hazardous and he was stricken while in the performance of such non-hazardous duties.'"
The fact that plaintiff while carrying out her duties rode escalators and in elevators, provided both for customers and employees, is not sufficient to bring plaintiff's employment under the Compensation Statute. We are inclined to the extension of the benefits of the statute to all classes of workers which it would appear from a reasonable and liberal interpretation the statute intended to include. However, we are without authority to go beyond the clear intent of the legislature as expressed in the act. The question of further extensions of the benefits of the statute is a matter for the legislature and not the courts. Should plaintiff be entitled to recover compensation upon this ground, then every employee, whether typist, clerk, bookkeeper, secretary or other similarly classified employee, who performs his duties in office buildings where escalators or elevators are provided for such employees and/or the general public, regardless of how remote the actual operations of an employer's hazardous business is, would likewise be covered by the statute. We find from the language of the statute no justification for such an extension.
In support of her contention that the exception of no cause or right of action should have been overruled, plaintiff's able counsel cites Stockstill v. Sears-Roebuck & Co., supra, wherein defendant was alleged to have been engaged in a general mercantile business selling hardware, electric refrigerators and other merchandise, and wherein as an employee he was required to place and arrange such merchandise on the floor of defendant's store and to deliver and install such merchandise as electric refrigerators sold to its customers. The employee was injured while engaged in moving one of the refrigerators. In that case, plaintiff's petition was vague in that defendant's business was not alleged to be hazardous or that any department or particular line of such business was hazardous. Details of fact were lacking, and while the petition did not technically embrace a cause of action, its general purport showed it to be a suit by an employee against his employer for compensation for injuries sustained in an accident while in the employ of defendant and while acting in the performance of his duties. Under the liberal construction the courts generally place on the allegations of a petition for compensation and due to the fact that technical rules of pleading and evidence are not strictly *473 applied or enforced, it was held that the exception was not well founded. That, however, is not the situation here.
As counsel states, the petition itself presents no difficulty whatsoever. Its recital of the facts relied upon are full and complete, clear and concise, and all the facts upon which plaintiff intends to or could rely are alleged. These allegations, unambiguous, full and complete as they are, taken as true, as they must be, in a trial under an exception of no cause of action, clearly, in our opinion, disclose facts and circumstances, such as the non-hazardous features of defendant's business in which plaintiff was wholly engaged at the time of the alleged accident, which exclude her from the coverage and benefits of the Workmen's Compensation Statute.
In Allen v. Yantis, La.App., 196 So. 530, 532, where the petition discloses the business of the employer to be non-hazardous and further sets out a state of facts showing the regular duties of the employee pertain to non-hazardous work in which he was engaged when injured, it was held the petition fails to state a right in the employee or his dependents to recover compensation. The court stated:
"And in such a situation, where the petition sets out such facts showing the nature of the employer's business, the duties of the employee under his employment and the manner in which he was injured, and all these facts in the petition show that, if they are proven, there could be no recovery of compensation, it would be proper for the court to sustain an exception to the petition and avoid a useless trial that could lead to no other result other than a dismissal of the suit. Rester v. Community Stores, Inc., La.App., 169 So. 183; De Lony v. Lane, La.App., 155 So. 476."
It was further held where a petition is carelessly drawn and does not set forth clearly the nature of the employer's business or the character of the employee's duties but does allege a relationship of employer and employee and an accidental injury in the course of his employment, the petition should not be dismissed on an exception of no cause or right of action. The cited case is thus distinguished from the case at bar. All of such deficiencies, under the liberal rules applied to compensation cases, could be supplied upon trial. See also Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273, 274, wherein it was stated:
"The defense, in this instance, is presented in the form of an exception of no cause of action. The question arises whether such an exception lies in a proceeding under the Employers' Liability Act. While it is intimated in the case of Pierre v. Barringer, 149 La. 71, 88 So. 691, that exceptions are out of order in suits under that act, yet an examination of that case will show that it is authority only to the extent that, where the petition merely fails technically to disclose a cause of action, an exception of no cause of action should be overruled. In this case the failure is substantial, even to such extent that, if the question as to whether the occupation was hazardous should be considered on the merits, in the light of the evidence introduced, it would result only in the rejection of plaintiff's demand."
Plaintiff, however, contends that it is not necessary that the work of the employee be hazardous if the performance of the work requires that the employee be in proximity of dangerous work being done by others or his employment obligates him to be near machinery or substances which characterize the business as hazardous, and, in support thereof, cites these authorities: Dewey v. Lutcher-Moore Lumber Co., supra; Dyer v. Rapides Lumber Co., 154 La. 1091, 98 So. 677; Hinton v. Louisiana Central Lumber Co., La.App., 148 So. 478; Washington v. Sewerage and Water Board of New Orleans, La.App., 180 So. 199; Gray v. Tremont Lumber, Co., supra; Ryland v. R. & P. Const. Co., La.App., 19 So.2d 349, and Rigsby v. John W. Clark Lumber Co., La. App., 28 So.2d 346.
While the correctness of this contention may be conceded as a general proposition, *474 the petition affirmatively discloses its inapplicability here. The electrically operated office equipment, with which plaintiff is alleged to come in contact, is no more than other but comparable appliances found in modern homes today. It is not contended plaintiff is required to install or repair this equipment. At the most, in the operation of this equipment, the operator is only required to plug in the connections and press the keys in their operation.
In the Dyer case, the deceased employee met his death while performing services of a hazardous nature in attending defendant's logging engines at night, cleaning them up, building fires therein and getting them ready for the next day's operation, which was a part and parcel of and in the course of the employer's hazardous business of logging and lumbering. The Ryland case presents a similar state of facts, wherein plaintiff was a night watchman, employed to look after and protect all kinds of tools and machinery and oil and gasoline used in operating defendant's hazardous business. His work was done in the hazardous part of the business. Under the facts of these cases, the death in the former and the accident and disabling injuries sustained in the latter case were held compensable. No comparison, however, could be made between the logging engines and the construction machinery and equipment upon and in the proximity of which the employees were performing their services and the appliances and office equipment of the defendant in this case.
In the Dewey, Gray and Hinton cases, compensation was denied for the reason that the employees were performing services of a non-hazardous nature in a non-hazardous branch or feature of the defendant's hazardous business. For instance, in the Dewey case, the employee was allegedly injured while performing services in connection with defendant's operation of a logging camp which it operated in conjunction with its logging and sawmill operations. In the Gray case, the employee was a porter in the office building of defendant. In the Hinton case plaintiff's employment was that of occasional messenger, a guide in pointing out roads, a scaler or estimator of fallen timber, or as a conservation agent in saving timber from fire. It was held that he also was performing services of a non-hazardous nature in a non-hazardous branch of defendant's admittedly hazardous business. Consequently, compensation was denied in these cases.
However, in the Rigsby case, the plaintiff was a bookkeeper whose employment required that he perform various other duties and particularly to attend defendant's gasoline filling station where the general public was occasionally served. In other words, plaintiff's employment encompassed both hazardous and non-hazardous duties and, under the established jurisprudence, beginning with the Byas v. Hotel Bentley case, he was entitled to compensation for injuries sustained while performing services of a non-hazardous nature.
In the case of Washington v. Sewerage and Water Board, the employee was serving as a water boy on a large sewer construction project. In the discharge of his duties he came in contact with the usual engines and machinery engaged in such construction work. No comparison could be made between the electric appliances sold by defendant and the electrically operated office equipment which plaintiff operated and the machinery and engines in that case.
Apparently, one of the deciding factors in the Washington case was the fact that the principal, Sewerage and Water Board, was a municipal corporation and, under the statute, its employees are protected by the Compensation Act, regardless of the hazardous or non-hazardous nature of their employment or of the employer's business.
The facts and circumstances of these cases, the different character of work and the differences in the engines and machinery involved, distinguish them from the instant case, and for these reasons and for the distinctions heretofore pointed out, we are of the opinion that they are not in point and do not support plaintiff's contentions, but rather support the principles upon which defendant relies.
*475 For a determination of the issues presented in this case, it is unnecessary to determine whether the displaying, demonstration and selling of such items as refrigerators, out-board motors, air conditioners, fans, lawn mowers et cetera, constitute the operation of a hazardous business, but, inasmuch as the petition discloses that defendant's business as a retail merchant and as the operator of a department store is non-hazardous under the statute, although possibly possessing hazardous features, with which plaintiff did not come in contact, and that her duties were solely of a non-hazardous nature, and, at the most, performed in a non-hazardous feature or branch of defendant's business, the exception of no cause or right of action was properly sustained.
For the reasons herein assigned, the judgment appealed is affirmed at appellant's cost.
Affirmed.