AYRES, Judge.
Plaintiff instituted this action for and on behalf of his minor son, hereinafter designated employee, against the workmen’s compensation insurer of his son’s employer for compensation at the maximum statutory rate and as for total and permanent disability.
Defendants filed an exception of no cause or right of action, predicated on these propositions: (1) That the employee was not engaged in a hazardous occupation and (2) that the employee was injured outside the course and scope of his employment.
On the basis of the second of defendants’ contentions, the trial court sustained the exception. From a judgment accordingly dismissing his suit, plaintiff appealed.
A consideration of the issues presented requires a statement of the alleged facts. The employer is alleged to own and operate a drive-in cafe and restaurant located on Lee Street in the City of Alexandria, Louisiana, where plaintiff’s son was employed as a waiter or “car-hop”. The son’s duties were to serve the patrons in their cars in the parking area of the restaurant and, in the performance thereof, it was necessary that he come in contact with such motor vehicles as they arrived and departed and moved upon the lot. It was additionally alleged that plaintiff’s son was required to work in the kitchen in close contact with a mechanical potato peeler, cooking grills and other mechanical, electrical and gas equipment, and, too, that in the conduct of the business the employer owned a'nd operated a motor truck. A further contention was made that the employee and other personnel of the restaurant habitually parked their automobiles across Lee Street from the restaurant as they were required to park outside the employer’s premises.
On the occasion of the accident out of which this action arose, it is alleged that, after the completion of the night’s work, the employee left the place of business in the early hours of the morning of November 8, 1954, and crossed Lee Street where his car was parked the night before, preparatory to returning to his residence; that he had difficulty in starting his car, whereupon, with the assistance of two others, he began pushing his automobile south along the curb on Lee Street, and that during this operation the employee was struck by an automobile driven by William B. Alexander.
Consideration is first directed to the issue secondly enumerated hereinabove. It was, as heretofore stated, upon the sustaining of defendants’ contention in that regard that the exception was sustained. In sustaining this contention, the trial judge stated:
“The question here is whether plaintiff’s injury comes within the ‘threshold doctrine’. As a general rule an accident which takes place when an-employee is going to or from work does not give rise to liability for compensation unless the employer is furnishing the transportation. Neyland v. Maryland Casualty Co. [La.App.], 28 So.2d 351. However, our jurisprudence has established an exception to this general rule and this exception is known as the ‘threshold doctrine’. In *768 the case of Attaway v. Fidelity [&] Casualty Co. of New York [La.App.], 39 So.2d 632 cited by plaintiff, the Court allowed recovery where an employee’had to cross dangerous railroad tracks in order to get to iiis employer’s premises and plaintiff was actually injured while crossing these tracks. In the case of Ward v. Standard Lumber Co., 4 La.App. 89, cited by plaintiff, the CQurt allowed recovery where an employee was on his way to lunch at the noon hour' and while crossing the highway at a point contiguous to employer’s premises he was struck by an automobile being driven by a fellow employee.
“In the case of LeBlanc v. Ohio Oil Co., 7 La.App. 721, recovery was allowed where the plaintiff was injured while crossing a public road which lead through his employer’s premises on his way to work.
“It must be noted that in all of the cases cited by plaintiff the Court allowed recovery where the employee was actually injured at the time he was leaving or going to his employment and crossing the highway, railroad tracks, etc. The Courts have never extended this doctrine to allow compensation in a case where an employee has' actually completed the crossing of the street and has already successfully surmounted the hazards surrounding his place of employment. As a matter of fact the case of Walker v. Lykes Bro[thers]-Ripley Steamship Co. [La. App.], 166 So. 624 [627], presented a factual situation almost identical to the one set forth by the allegations of the petition in the present case, and the Court in denying recovery held as follows :
“ ‘Can it be said that a servant, after successfully surmounting the obstacles surrounding him, may again, of his own volition, bare himself to such risks at a different location, for strictly private purposes, and thereby create liability on the part of the master who has lost, actually and constructively, all supervision and control over the servant’s movements? We think not. The act of the plaintiff was one personal to himself. Thus the resulting accident could not and did not have any causal connection with the business of his master. Neither did his injuries occur during the course of his employment nor arise out of his relationship with the defendant. Compare Cudahy Packing Co. of Nebraska v. Parramore [263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366]; Bountiful Brick Co. v. Giles, supra, and [276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507], LeBlanc v. Ohio Oil Co., 7 La.App. 721.’”
In the instant case, from plaintiff’s allegations, it clearly appears that the employee, after his employment had ceased for the night, left the employer’s premises and crossed the street to the lot beyond where he had parked his automobile the night before. After reaching his automobile, he experienced difficulty in starting the motor, whereupon, with the assistance of others, the car was pushed south on Lee 'Street near the curb, where the accident occurred. While plaintiff contends that it is not alleged that the employee crossed and then reentered the street, no other conclusion could be reached. On reaching the parking lot beyond the street, the employee surmounted the hazards of such crossing which may have had connection with his employment. His reentry into the street was an exposure to new risks at a different location while in pursuit of a private purpose wholly disconnected with his employment. It is immaterial that the accident occurred within a short distance of the place where the employee worked or where he had just recently crossed the street, or, for that matter, that he reentered the street and subjected himself to such new risks and hazards at the precise point at which he had first crossed over the street, or that only a short space of time intervened. "The important and determining factor was whether or not the employee had already, at the moment of the accident and injury, surmounted the hazards of his employment and entered upon a purpose of his own. *769 That he had done so affirmatively appears from plaintiff’s allegations. The employee had passed beyond the direction and control of the employer. The employer no longer had authority over the employee— he could not direct his movements and, as an employer, was not concerned with the employee’s efforts to start his car.
While the conclusions reached herein-above are sufficient to sustain the exception, we do not rest our decision solely thereon. The other proposition submitted by defendants in the exception, that is, that the employee was not engaged in a hazardous occupation at the time of the occurrence of the accident, is likewise meritorious and should have been sustained.
The right of an employee to compensation is generally determined by the nature of the business of the employer rather than by the particular duties performed or services rendered by the employee. Brown v. Remington-Rand, Inc., La.App., 81 So.2d 121; Harrington v. Franklin’s Stores Corp. of New Iberia, La. App., 55 So.2d 647; McAllister v. Peoples Homestead & Savings Ass’n, La.App., 171 So. 130; De Lony v. Lane, La.App., 155 So. 476; Charity Hospital of Louisiana v. Morgan, La.App., 143 So. 508; Kern v. Southport Mill, Limited, 174 La. 432, 141 So. 19.
A cafe or drive-in restaurant is not one of those businesses classified and designated by the Workmen’s Compensation Statute, LSA-R.S. 23:1035, as hazardous, entitling an injured employee thereof to the benefits of the Act. Accordingly, there can be no liability for compensation unless plaintiff is able to show there are certain hazardous features of the business with which he has been brought in contact, or that the business has been previously declared to be hazardous, either by agreement or judicially, under the provisions of LSA-R.S. 23:1035, or that if not hazardous, the parties have contracted in writing to be governed by the Act as provided in Section 1036 thereof.
In an effort to bring the employer’s business within the purview of the statute, plaintiff contends that the employer’s business possesses hazardous features in which is claimed the employee performed services. These features, as stated herein-above, pertained to the employer’s ownership and use of a motor vehicle in connection with his business, to the use of mechanical and electrical equipment in the kitchen with which the employee is alleged to have come in contact and to the patrons’ cars, which it is also alleged the employee must come in contact, while the occupants thereof were being served. Thus, it is urged that the employee would be entitled to recover under the well established jurisprudence that, where an employee performs services in both the hazardous and non-hazardous features of his employer’s business and is injured while performing services in the latter category, he is entitled to compensation. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303; Brownfield v. Southern Amusement Co., Inc., 196 La. 73, 74, 198 So. 656, 660.
In applying the provisions of, the statute to cases where employees are injured in performing services in a business not specifically designated as hazardous, the inquiry is always whether or not the duties of the injured employee required him to perform services of a hazardous nature incidental to his employment and directly associated with his employer’s business. Brownfield v. Southern Amusement Co., Inc., supra.
It is nowhere contended that plaintiff performed any duty in connection with the operation of either the motor truck or the electrical or mechanical equipment in the kitchen. Even an occasional use of an automobile by an employee in the course of the performance of his non-hazardous duties in a non-hazardous employment is insufficient to bring the employee within the provisions of the statute. Brownfield v. Southern Amusement Co., Inc., supra. Coming in contact with the motor truck or the potato peeler and other kitchen equipment presupposes a closer relationship than merely appearing on the lot where the truck may be parked or in the kitchen *770 where the equipment is located and installed. In a case recently considered by this court, it was held that an employee, a supervising cashier oí a department store, who, as a part of her duties, worked with and operated electrically-driven office machines and equipment and used elevators and escalators, was not entitled to compensation for disabilities resulting from injuries sustained in falling when riding an escalator in connection with her employment. Coleman v. Sears, Roebuck & Co., La.App., 83 So.2d 469, 473.
The instant case is distinguished from Scott v. Dalton Co., Inc., La.App., 1 So.2d 412, wherein it was alleged that the employee was required to operate electric dishwashers and electric dumb-waiters and to lift and carry heavy loads, particularly cases of beverages, and place on the dumbwaiter. Neither was the employee here required to operate an electric slicing machine as was the employee in Storm v. Johnson, La.App., 23 So.2d 639.
Neither is the contact by the employee with the automobiles of the employer’s patrons while serving such patrons from the restaurant sufficient to bring the employee under the Compensation Statute. In Fields v. General Casualty Co. of America, 216 La. 940, 45 So.2d 85, the defendant’s insured owned and operated a feed and seed store. Claimant therein was employed to keep the store clean and to load sacks of feed on the cars or trucks of customers of the store. He claimed to have sustained a hernia when he picked up a sack of feed to load on a customer’s truck. The employer was held not to be engaging in a hazardous enterprise within the purview of the Workmen’s Compensation Law and accordingly the employee was denied recovery.
Plaintiff’s petition itself presents no difficulty. Its recital of the facts relied upon and pertaining to the issue now under consideration is full and complete, clear and concise, and all material facts upon which plaintiff relies are alleged. These allegations disclose facts and circumstances, such as the non-hazardous features of the employer’s business which exclude the employee from the benefits of the statute. Where the petition discloses the business of the employer to be nonhazardous within the purview of the statute and sets out a state of facts showing the duties of the employee pertain to non-hazardous work in which the employee was engaged at the time he was allegedly injured, the petition fails to state a cause of action or to disclose a right in the employee to recover compensation. Such is our view of the petition here. Coleman v. Sears, Roebuck & Co., supra; Allen v. Yantis, La. App., 196 So. 530; Rester v. Community Stores, Inc., La.App., 169 So. 183; De Lony v. Lane, La.App., 155 So. 476.
Plaintiff was authorized to prosecute this action without the payment of costs, pursuant to LSA-R.S. 13:4525. The judgment assessing costs against him is, therefore, erroneous, and will be amended in that regard.
Accordingly, the judgment appealed is amended by eliminating the assessment of costs against plaintiff, and, as thus amended, is affirmed.
Amended and affirmed.