GLADNEY, Judge.
The plaintiff, Mrs. Addie Jean Hymel, instituted this suit for recovery of workmen’s compensation from the insurer of her employer, The Gowen Sanatorium, of Shreveport. After a trial on the merits there was judgment in favor of Employers Liability Assurance Corporation, Ltd., of Great Britain, rejecting plaintiff’s demands, hence this appeal.
Mrs. Hymel was employed in the capacity of a nurse’s aide or attendant at an institution which administered to elderly patients. The sanatorium consists of seven or eight cottages, a main office building and the kitchen building, none of which is connected. In each of the cottages five to ten patients are housed and it was in such a cottage that plaintiff worked. Plaintiff alleges that while acting within the scope of her employment on April 18, 1957, she sustained an injury to her back for which she is entitled to workmen’s compensation. For this injury, which was diagnosed as a mild sprain of the lower back, Mrs. Hymel was treated by Dr. Ford J. Macpherson from the date of her injury to May 23, 1957. The doctor reported the patient as being totally disabled through May 26, 1957, and certified that she was able to return to work as of May 27, 1957. The defendant made weekly payments of workmen’s compensation during disability as above reported to it by the attending doctor.
In defending this action, the defendant contends appellant was not engaged in an occupation covered by the workmen’s compensation statute, nor were her duties of such a nature as to cause the provisions of the act to be applicable to her claim. It is further asserted plaintiff suffered no disability beyond the period for which she was compensated by the insurer.
For statement of a cause of action plaintiff has pleaded that her occupation required that she operate electrically powered machinery, that she assist in the operation of X-ray machines, prepare food for herself and patients, use a slicing machine and electric dishwasher, and that she also assist in the operating room. Her testimony does not show that she performed duties which required the use of the machinery as alleged.
Dr. Gowen, the head of the sanatorium, testified the employee never operated the X-ray machine, did not use a food mixer in preparing food for the patients, and that the institution had never had a slicing machine. He stated that Mrs. Hymel did not use the electric dishwasher and that the kitchen was in a separate building from the cottage where Mrs. Hymel customarily worked; and that there was no operating room and no operations were performed at the institution, but there was a room for treatment of minor injuries such as a burn, or injury to the hand. Mrs. Freda M. James, a dietician in charge of the kitchen, and Mrs. Etta Davidson, the supervisor of nurses at the sanatorium, gave essentially the same testimony. We find the evidence conclusively shows the duties of the employee were confined to bathing patients, moving patients around in bed, feeding patients meals brought from the kitchen by a maid, and occasionally getting food or juices from a refrigerator in the dining room; that occasionally Mrs. Hymel fixed her own breakfast in the kitchen, and *483 under the supervision of a nurse, she would turn the valve on an oxygen tank or maintain it at a certain point. The oxygen tank used was 4}^' high and 10" to 12" in diameter, and it was cut off by turning a valve just as a garden water faucet is cut off. She did not start or handle the tank.
It is earnestly insisted by counsel for appellant that the duties of the employee, and especially those in connection with the oxygen tank, were hazardous within the intent and meaning of the Louisiana Workmen’s Compensation Statute. We do not agree with this conclusion. The statute, LSA-R.S. 23:1035, specifies certain hazardous occupations and then provides:
“If there be or arise any hazardous trade, business or occupation or work other than those hereinabove enumerated, it shall come under the provisions of this Chapter. The question of whether or not a trade, business, or occupation not named herein is hazardous may be determined by agreement between the employer and employee or by submission at the instance of either to the court having jurisdiction over the employer in a civil case. The decision of the court shall not be retroactive in its effect.”
In keeping with the intent of the Legislature, the courts have consistently accorded a liberal construction to the above statutory provisions. This court took occasion to comment in Hammer v. Lazarone, 1956, 87 So.2d 765, 769:
“The right of an employee to compensation is generally determined by the nature of the business of the employer rather than by the particular duties performed or services rendered by the employee. Brown v. Remington-Rand, Inc., La.App., 81 So.2d 121; Harrington v. Franklin’s Stores Corp. of New Iberia, La.App., 55 So.2d 647; McAllister v. Peoples Homestead & Savings Ass’n, La.App., 171 So. 130; De Lony v. Lane, La.App., 155 So. 476; Charity Hospital of Louisiana v. Morgan, La.App., 143 So. 508; Kern v. Southport Mill, Limited, 174 La. 432, 141 So. 19.”
It was also noted in this opinion that in determining whether an employee is entitled to recovery under the Workmen’s Compensation Act for an injury received in performing services in a business not specifically designated as hazardous, the inquiry is always whether or not the duties of the injured employee required performance of service of a hazardous nature incidental to the employment and directly associated with the employer’s business. This court in Brown v. Remington-Rand, Inc., 1955, 81 So.2d 121; Coleman v. Sears, Roebuck & Co., La.App.1955, 83 So.2d 469, and Hammer v. Lazarone, supra, held the duties of the employees involved were entirely confined to non-hazardous work and to non-hazardous features in connection with the employer’s business, and that accordingly, the Workmen’s Compensation Statute was without legal application. Further authority to this effect is found in Guidry v. New Amsterdam Casualty Co., D.C.1958, 148 F.Supp. 248, affirmed, 5 Cir., 252 F.2d 233. Therein Judge Christen-berry, in discussing the application of the Louisiana statute, opined:
“Cake slicers, food mixers, dishwashers and ventilating fans were installed and in use in the kitchen of the hospital, located in the basement. As the Court said in Atkins v. Holsum Cafeteria, supra (La.App., 159 So. 758, 760), where compensation was refused because the business was not hazardous, ‘They were * * * no more hazardous than the devices used today in the modern up-to-date home.’ The evidence failed to show that the plaintiff came in any closer contact with these devices than occasionally walking into the kitchen to obtain food for patients, which food was presumably prepared by hired cooks and kitchen servants. The plaintiff’s employment is *484 not hazardous by reason of her connection with these devices.
“The reacting, bathing, moving and lifting of patients is no more hazardous than the average housewife’s daily duties with respect to her children and her home. * * * In addition, she sometimes assisted in lifting patients.
“This feature of the employee’s duties cannot be conceivably considered as included within any of the classifications of hazardous business designated by the statute.” [148 F. Supp. 252.]
Following the rulings in the foregoing authorities we find the duties of appellant in connection with her work were exclusively of a non-hazardous nature, and the provisions of the Louisiana Workmen’s Compensation Act do not apply to her case.
For the first time in this litigation, the attention of the court is directed through the brief of appellant’s counsel to Act 495 of 1958, amending Section 1166 of the Louisiana Workmen’s Compensation Act. (LSA-R.S. 23:1166). This statute went into effect July 30, 1958, and provided:
“When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer’s business, the insurance company shall be estopped to deny liability on the grounds that the employment was not hazardous and during the period such insurance is in effect, claims for injuries occurring during such period by such employees against the employer or the insurance company shall be exclusively under the workmen’s compensation act.”
Plaintiff’s action was filed on March 6, 1958. The defendant admitted in its pleadings the workmen’s compensation policy as issued by it to plaintiff’s employer was in force at the time of plaintiff’s accident on April 18, 1957. Counsel for appellant argues this statute must be given retroactive effect and the insurer herein should be held liable to appellant under the terms of the 1958 statute. The appellee, on the other hand, insists the statute by its very terms and for other reasons, cannot be held to have retrospective application. It is proper to observe the liability of the insurer at the time its contract was entered into was circumscribed by the provisions of the Workmen’s Compensation Statute in force and effect at that time. The insurer’s liability as of the time the policy was written did not cover an employee engaged in an occupation not specified in the act as being hazardous, and the duties of which were exclusively of a non-hazardous nature. Act 495 of 1958 imposes upon an insurer of employers liability for compensation irrespective of the hazardous or non-hazardous work of the employee. It is clear, therefore, that should retroactive effect be given to the provisions of the 1958 act in this case, the statute would increase the pecuniary liability of the insurer beyond that which existed at the time of the confection of the contract. Under such a ruling the statute would impair the obligation of the contract as written.
LSA-C.C. Art. 8, declares:
“A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts.”
The language of Act 495 of 1958 clearly shows the Legislature did not intend the statute to be retroactive. The general rule is that a law will not be given retroactive operation unless the intention that it should so operate is so clearly expressed that no other construction is possible. Cassard v. Zacharie, 1899, 52 La.Ann. 835, 27 So. 368, 49 L.R.A. 272; State ex rel. Knollman v. King, 1903, 109 La. 799, 33 So. 776. In State v. El Rito Transportation Co., Inc., 1939, 193 La. 548, 190 So. 803, 808, the Supreme Court said:
“The doctrine that when a statute has been amended it must be read as *485 if it had been enacted originally as it reads after being amended means merely that, from and after time when the amending statute goes into effect, the new matter, or new sections, must be substituted for the old, in reading the act. But that does not give the amending statute a retroactive effect.”
Confronted with a somewhat similar situation, the court remarked in State v. Spence & Goldstein, Inc., La.App.1942, 6 So.2d 102, 104:
“It is worthy of note that the amendment declares that taxes and licenses ‘shall lapse’ in three years, etc. The use of the word ‘shall’, in view of the context, clearly denotes futurity. This construction comports with everyday use and meaning of the word. To say that T shall’ do a certain act certainly means that performance will take place in the future. Article 14 of the Civil Code is pertinent. It reads:
“ ‘The words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words.’ ”
The foregoing authorities, in our opinion, are sufficient to preclude us from according any retroactive effect to Act 495 of 1958.
By way of summarizing our findings, we hold: first, that the employment of plaintiff as of the time of her accident on April 18, 1957, does not fall within provisions of the Louisiana Workmen’s Compensation Statute in effect at that time, such work being exclusively of a non-hazardous nature; secondly, we find that Act 495 of 1958 amending the Louisiana Workmen’s Compensation Statute (LSA-R.S. 23:1166) does not have retrospective operation; and thirdly, we are of the opinion that according to the testimony of the only doctor who attended Mrs. Hymel she had fully recovered from her injury and was able to resume the duties of her employment as of May 27, 1957, and that she has received weekly compensation payments for the period of disability, although strictly speaking, such payments were not legally due by the insurer under the Louisiana Workmen’s Compensation Statute.
For the foregoing reasons the judgment from which appealed is affirmed at appellant’s cost.