## JENNINGS v. BOLTE.

### No. 15040.

Court of Appeal of Louisiana. Orleans.

June 1, 1936.

H. W. Kaiser and J. H. Hammel, Jr., both of New Orleans, for appellant.

Chas. I. Denechaud and Roger Meunier, both of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a domestic servant against her employer claiming $5,049.75 as damages for physical injuries alleged to have been sustained by reason of the collapse of a stepladder while in use by plaintiff in the home of the defendant. From a judgment dismissing plaintiff's demand, this appeal was prosecuted.

The accident occurred on October 19, 1932, when the plaintiff, Cora Jennings, attempted to ascend a stepladder for the purpose of cleaning a transom above a door between a hallway and a room in the premises No. 2316 Jena street in this city. When plaintiff reached the third step of the ladder it slipped, or spread, and collapsed, causing plaintiff to fall to the floor and suffer the injuries described in her petition. The ladder was introduced in evidence below and was exhibited in this court. It is of the usual type, consisting of a series of steps with a support, joined at the top, and surmounted by a small platform. It was purchased by the defendant about twenty years ago and had been in use in his household as occasion required during that period.

Plaintiff's contention is that the ladder was unsafe because there was no rope to prevent its spreading when in use, the only safeguard being a small stick under the bottom of the platform, which, at the time of the accident, gave way under the 207 pounds of the plaintiff's weight.

On the other hand, defendant avers that he was guilty of no negligence, asserting that the accident was due to the improper use of the ladder by plaintiff, and invokes the "simple tool" doctrine.

In Carey v. Sellers & Co., 41 La.Ann. 500, 6 So. 813, it was said:

"To maintain an action by a servant against a master, for an injury resulting from defective buildings, premises or appliances, two elements must concur, viz:

Fault or knowledge on the part of the master; innocence of fault, or ignorance of the danger on the part of the servant."

In Boney v. Louisiana Ry. & Nav. Co., 129 La. 106, 55 So. 729, is found the following:

"It is the duty of the master to provide the servant with tools sufficient for the purpose for which they were intended, and where the tools are originally unfit, or where the master has failed to properly inspect them, he is chargeable with negligence." (Syllabus)

This rule, however, does not apply to simple tools. In Wiggins v. Standard Oil Co., 141 La. 532, on page 535, 75 So. 232, 233, it was said:

"The rule that the master must furnish his servant with safe tools with which to do his work has little or no application to such a simple tool as a sledge hammer. As a general rule, the master is not liable for injury to the servant as a result of his using a defective simple tool. The reason is that the danger incident to a defect in a simple tool is an obvious danger, of which the servant assumes the risk, especially if he has had experience in the use of such tools."

In Labatt on Master & Servant (2d Ed.) Vol. 3, at page 2480, we find a note containing a large number of citations to cases in other jurisdictions holding that a ladder is a simple tool.

The plaintiff had been employed by the defendant in the same capacity for more than a year and was, presumably, more familiar with the use of stepladders than her employer. The collapse of the ladder was apparently due to the fact that the legs were spread too far apart on a highly polished floor. We find nothing in the record to indicate that the defendant was guilty of any negligence; it is not shown that there was any defect in the ladder of which he had any knowledge, and, as a matter of fact, during the trial of the case below, the ladder was erected in the court room and the defendant, a man weighing 217 pounds, ascended as far as the third step with safety.

We are of the opinion that the ladder was a simple tool and that the doctrine, as recognized in this and other jurisdictions, to the effect that the master is not held to the same degree of care as obtains where more complicated appliances are involved, applies here. The servant in this case was at least as familiar with the use of the stepladder as the master and the rule that the servant has a right to rely on the superior knowledge and judgment of his master and to assume that the master would not expose him to a risk not apparent to the servant, but easily discoverable by the superior intelligence of the master, has no application.

We conclude that the judgment appealed from is correct and, for the reasons herein assigned, it is affirmed.

Affirmed.