## FONTENOT v. RAFTERY.

### No. 17190.

Court of Appeal of Louisiana. Orleans.
Feb. 26, 1940.

Rehearing Denied March 25, 1940.

Fred G. Veith, of New Orleans, for appellant.

Alvin G. Montgomery, Jas. J. Landry, and Geo. Montgomery, all of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, Elizabeth Fontenot, alleges that she was employed by defendant, Charles Raftery, as a domestic servant, and that, while hanging out clothes to dry, she sustained injuries when her left foot and leg broke through a defective plank in an elevated walk, which, she avers, "was provided for and intended to be used" by her "in carrying on the work for which she was employed".

In the court, a qua, there was judgment maintaining an exception of no cause of action and dismissing the suit, and the matter is now before us on appeal.

The exception is directed at the fact that plaintiff did not allege that the walkway, which she charges was defective, was furnished or provided by defendant, and, in support of the exception, counsel for defendant-exceptor argue that the walkway must have been a part of the premises which were not owned by the defendant but were merely leased by him, and that, consequently, plaintiff should have sued the said owner of the premises, basing her claim on those articles of our Code which, under certain circumstances, render a property owner liable for injuries caused by the defective condition of his property.

But, as we view the matter, whether defendant is the owner of the premises is of no moment. This is not a suit against the owner for failure to keep his building in repair, nor is it a suit against a tenant for failure to comply with obligations placed by law upon the lessee. It is a suit by an employee against an employer and is based upon the alleged failure of the employer to use reasonable care in providing a safe place in which the servant might work. The duty to use reasonable care to furnish a safe place to work is upon the employer in all cases and he cannot avoid liability for the results of the neglect of that duty merely by showing that the property in which he requires his servant to work is provided by and leased from some one else. Otherwise, any employer could avoid the obligation of using reasonable care in providing to his employees a safe place to work merely by leasing from some one else his factory, or his store, or his home.

That the duty to use care in providing to the servant safe appliances and a safe place to work exists in favor of a domestic servant, as well as in favor of an industrial employee, cannot be questioned. In Jennings v. Bolte, La.App., 168 So. 377, we were of the opinion that this duty exists in favor of a domestic servant, though we held, in that case, that since the appliance furnished to the servant was a simple one, with the operation of which the servant must have been as familiar as was

the master, there was no liability under the facts of that particular case.

But the principle that the employer of a domestic servant owes to the servant the duty to use reasonable care to provide a safe place to work is, we think, beyond question. In A.L.R., Vol. 48, page 1296, it is said that: "The employer of a domestic servant is bound to exercise reasonable care to furnish to the servant safe appliances and a safe place to work".

Counsel contends that in many cases it has been held that the owner of defective premises may be liable ex delicto to persons injured as a result of those defects and that, therefore, plaintiff here, if the walkway was defective, might have recovered from the owner of the premises. This may be true. Possibly an action could have been maintained against the said owner. But that fact does not deprive the servant of her right against her employer if such a right also exists.

For these reasons we think that plaintiff's petition does set forth a cause of action and that the judgment maintaining the exception was not correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment overruling the exception of no cause of action and that the matter be and it is remanded to the Civil District Court for the Parish of Orleans for further proceedings consistent with the views herein expressed and according to law.

Reversed and remanded.