**Lena GUIDRY, Appellant,**

v.

**NEW AMSTERDAM CASUALTY COMPANY, Appellee.**

**No. 16664.**

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1958.

Robert Weinstein, Henry F. Yoder, Rittenberg, Weinstein & Bronfin, Fred Bronfin, New Orleans, La., John A. Shanks, for appellant.

Harry M. Mayo, Jr., Stanley E. Loeb, Henriques & Mayo, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and HANNAY, District Judge.

HUTCHESON, Chief Judge.

This appeal from a judgment denying plaintiff a recovery in a suit for workmen's compensation presents the single question whether plaintiff was under and protected by the Louisiana Workmen's Compensation Act. It comes up in this way. Plaintiff, alleging that, as a nurses' aide in the employ of the Eye, Ear, Nose and Throat Hospital of New Orleans, she was engaged in a hazardous employment,[1] as defined in the Compensation Act, LSA-R.S. 23:1021 et seq., and that she had suffered injuries in the course of that employment, brought this suit against defendant, her employer's insurance carrier, to recover compensation therefor. The insurer defended on the grounds: (1) that the occupation of a nurses' aide is not a hazardous one under the act; (2) that the business of a hospital is not a business defined under the act to be hazardous; and (3) that neither the plaintiff nor her employer was engaged in a business or occupation that is defined to be hazardous under the act.

After a full hearing, the district judge found and concluded that plaintiff had not made out a case under the act. Making and filing a thoughtful and well considered opinion,[2] in which he set out the facts and fully and carefully canvassed

---

[1]. LSA-R.S. 23:1035 "Employees in specified hazardous occupations; other hazards, judicial determination." provides:

"The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his employer's trade, business, or occupation * * * *"

The Statute then lists those businesses which come under the Act, hospitals not being among them.

This section further provides:

"If there be or arise any hazardous trade, business or occupation or work other than those hereinabove enumerated, it shall come under the provisions of this Chapter. The question of whether or not a trade, business, or occupation not named herein is hazardous may be determined by agreement between the employer and employee or by submission at the instance of either to the court having jurisdiction over the employer in a civil case. The decision of the court shall not be retroactive in its effect."

[2]. Guidry v. New Amsterdam Cas. Co., 148 F.Supp. 248.

the authorities, he rendered judgment for the defendant.

Here, citing many Louisiana cases and relying particularly on Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303 and Scott v. Dalton Co., La.App., 1 So.2d 412, appellant urges upon us that the evidence showed that her duties as a nurses' aide brought her into contact with hazardous machinery and other hazards, and that the findings and conclusions of the district judge were clearly erroneous and the judgment must be set aside.

On its part, appellee invokes the settled rule that a plaintiff in a compensation case, as in any other case, is charged with the burden of proving his case by a preponderance of the evidence and that where, as here, the case is tried to a judge without a jury and the findings are for the defendant, the burden is heavily upon the plaintiff to show that the findings were erroneous. Pointing to the evidence, to the statute, and to the authoritative cases, it insists that the case was correctly decided below and that there is no basis in fact or in law for overturning the findings and conclusions.

We agree that this is so. The cases from Louisiana and elsewhere [3] on the general question involved here, whether under a statute like this one, which applies only to hazardous or extra-hazardous employments, a particular employment is or is not within it, are legion, and while it is well settled in Louisiana that the statute should be given a liberal construction and the decision of each case must turn upon its own facts, it is equally well settled there that it is for the legislature and not the courts to extend the act and that it is essential to recovery that the plaintiff bring himself within it.

The district judge in his opinion recognized the rule of decision prevailing in Louisiana in cases of this kind and gave full effect to the teachings of the cases there.

We find no fault with his judgment or with his opinion. The statement,

in the Statutes of Louisiana and in the statutes of the ten other states having similar provisions, of the coverage for compensation in terms of hazardous or extra-hazardous, is not fortuitous. Larson on Workmen's Compensation, "Hazardous Employment", Vol. 1, Sec. 588–60, criticizes the hazardous employment limitation as an inheritance from the pre-1917 period in which there were serious doubts whether a statute not so construed would be constitutionally within the boundaries of the police power. He points out that since New York Central R. Co. v. White, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667, only one state, New Mexico, has adopted this kind of limitation, two, Arizona and New Hampshire, have removed it, and two, New York and Illinois, have made modifications. Adopted therefore with the clear intent and purpose to limit coverage to employments and activities of a hazardous nature until changed, they have been construed to give effect to that purpose. That this is particularly true in Louisiana is emphasized in the very many decisions so declaring. It is particularly emphasized in decisions like Brown v. Remington Rand, Inc., La.App., 81 So.2d 121 and Coleman v. Sears, Roebuck & Co., La.App., 83 So.2d 469, holding that even though the employers were engaged in a hazardous business where plaintiffs' employment was entirely non-hazardous and they were not subjected to contact with or dangers from hazardous features of the business, the plaintiffs were not entitled to recover. It is emphasized too in cases like Cannon v. Michigan Mutual Liability Co., La.App., 66 So.2d 534, Franz v. Sun Indemnity Co., La.App., 7 So.2d 636, Smith v. Crossett Lumber Co., La.App., 72 So.2d 895, Fields v. General Cas. Co., 216 La. 940, 45 So.2d 85, holding that an insurer which has issued workmen's compensation insurance is only liable when the insured is liable, and the fact, therefore, that the insurance company has issued a compensation policy to a plaintiff's employer does not enti-

---

3. Schneider, Workmen's Compensation Law, Vol. 2, Chapt. 11, "Hazardous Employments", Sec. 396 to 591.

236

tle plaintiff to recover unless the plaintiff shows that he is employed in a hazardous occupation.

 In declining, as the court in the Coleman case, supra, declined, to extend coverage of the statute beyond a reasonable but liberal construction of it, we cannot do better than to adopt its language:

"We are without authority to go beyond the clear intent of the legislature as expressed in the act. The question of further extensions of the benefit of the statute is a matter for the legislature and not the courts." Coleman v. Sears, Roebuck & Co., La.App., 83 So.2d at page 472.

The judgment is affirmed.