JANVIER, Judge.
Mr. and Mrs. Forest L. Murray, alleging that, on July 19, 1957, Mrs. Murray fell on a stairway leading to the residential premises leased by them from Andrew Patton and that the fall was caused by defects in the stairway, seek to recover from Patton damages to compensate Mrs. Murray for her injuries and suffering and Mr. Murray, as head of the community, for medical and other expenses made necessary by the injuries of Mrs. Murray and for loss of such wages as Mrs. Murray was unable to earn during her disability.
From a judgment in favor of Mrs. Murray in the sum of $1,500 and in favor of Mr. Murray in the sum of $1,762.87, the defendant has appealed.
Plaintiffs have answered the appeal, praying that the award to Mrs. Murray be increased to $4,500.
In resisting liability defendant, for lack of information, denies that Mrs. Murray fell as alleged, and, in the alternative, avers that if she did sustain a fall it was as a result of her own contributory negligence in using a stairway which she knew to be unsafe, and in not exercising proper care in descending the said stairway.
In the alternative, defendant pleads contributory negligence, charging that if the steps were in the horrible condition alleged by plaintiffs, in using them at all, Mrs. Murray was guilty of contributory negligence.
Defendant, as is usual in such cases, had no knowledge whatever concerning the alleged occurrence and therefore relied exclusively on various suspicious circumstances which, it is contended, indicate that the whole story of plaintiffs is a fabrication.
Our attention is directed to the fact that, although Mr. Murray in the original petition prayed for judgment in his favor in the sum of $1,600, when, as the result of an exception of vagueness, he was called upon to set forth the actual amounts of past and future medical expenses he, in a supplemental petition, claimed for medical expenses $4,809, which is almost three times as much as he had at first claimed.
Defendant points to what he contends is an obvious falsification by plaintiffs as to their claim that they had given him notice that the steps were defective some ten *706 days before this particular accident when their young daughter is said to have fallen on the same stairway. In an effort to prove that defendant knew of the condition of the stairs, although such knowledge is not essential to their right to recover, Mr. Murray testified that, about ten days before the alleged accident, his daughter had fallen on one of the lower steps when one of the treads gave way, and that he had notified the defendant and had asked that he fix the step and that defendant had failed to do so. Defendant emphatically denied that he had been so notified and he and his son both denied that either had ever had any such notification from Murray or anyone else. When Murray was called upon to identify defendant’s son to whom he had given the said notice, he was unable to do so.
It seems undoubtedly strange also that if Murray gave notice to the defendant of the defective condition of the steps when the daughter fell ten days before this particular accident, the defendant, Patton, would not have done something to remedy the defect. When Murray himself was asked why he himself did not fix the step, his answer was that he did not have any nails.
It cannot be denied that the facts surrounding the accident itself are most suspicious. It is claimed that Mrs. Murray on descending the steps'fell when one of the treads near the top gave way and that she was precipitated to the ground, bumping to the bottom of the steps from a height of about ten or twelve feet. When she reached the bottom, not realizing that she had been seriously injured, she walked across the street to the automobile which her husband had parked and in which he was seated and had him drive her to the place at which she was employed. She told him that she had been hurt, but did not ask him tp go back and look at the steps which had collapsed and which had caused the injury.
■ We find it hard though not impossible to believe that if the steps had given way and she had fallen a distance of ten or twelve feet she might not have called the attention of her husband to the condition of the steps and might have failed to bring him back to look at them.
Wc have set forth the various suspicious circumstances to which defendant points as indicating that the entire story of plaintiffs is a fabrication and yet we cannot say that it is not possible that what they say is true. The District Judge believed them, and in view of his finding we must accept as a fact that Mrs. Murray did fall because of the defective steps.
When we come to consider the question of whether she was guilty of contributory negligence we direct attention to' what the Supreme Court said in Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513, 516. In discussing a situation from which an accident resulted and in which it was shown that the person who was killed in the accident had knowledge of the generally defective condition of the premises, the Supreme Court said:
“ * * * To assume that the lessee, in this case, knew that the balcony was so rotten that it could not withstand her weight would be to assume that she committed suicide. All that could be assumed in that respect would be that she knew or ought to have known that the balcony was unsafe. The evidence, however, does not justify our concluding that the danger was so apparent as to do away with the provisions of article 2695 of the Civil Code, whereby the lessor was bound to guarantee the lessee against all vices and defects in the leased premises and to indemnify her for any loss resulting therefrom. * * * 9)
Following this principle all we can say here is that Mrs. Murray knew that the steps were in a generally defective condition and knew that one of the treads had *707 given way under the weight of her young daughter. We must follow this, however, with the statement that there is nothing in the record to show that all of the steps were in a bad condition, and we must also realize that there was no way to enter or leave the rented apartment except by means of that stairway.
In Estes v. Aetna Casualty & Surety Co., 157 So. 395, 401, we cited Labat v. Gaerthner Realty Co., Inc., La.App., 146 So. 69, and said that the rule laid down by the Supreme Court is that knowledge of a “generally defective condition” will not defeat an action “unless the particular defect which caused the injury is such as to indicate apparent, imminent danger.” See, also, Ruling Case Law, vol. 16, § 568, p. 104, in which appears the following:
“It is generally held that the mere fact that a tenant is aware of the defective condition of a portion of the premises which it is the duty of the landlord to repair does not as a matter of law make it contributory negligence to continue the use of the same, if it reasonably appears that he might safely do so with the exercise of care.”
Under all the circumstances, we feel that Mrs. Murray was not guilty of contributory negligence.
When we come to consider the amount awarded to her for her injuries and the amount awarded to Mr. Murray we find that the record is woefully lacking in the necessary proof as to the extent of her injuries, the period of her disability and consequent loss of earnings and the total expense necessarily incurred by Mr. Murray as a result of Mrs. Murray’s injuries.
Under these circumstances we can do nothing but remand the matter in order that there may be submitted additional proof as to the amounts of those various items.
Accordingly the judgment appealed from is set aside and the matter is remanded to the Civil District Court for further proceedings consistent with the views herein' expressed; all costs to await final determination.
Judgment set aside and case remanded.