YARRUT, Judge.
This matter is here on appeal by Defendant for the second time, following a remand to the District Court for further evidence on the question of quantum only. On the first appeal, after holding the Defendant liable for defects in the leased premises and responsible for Plaintiff’s fall and injury, the Court, in its opinion (La.App., 118 So.2d 704, 705, at page 707) said:
“When we come to consider the amount awarded to her for her injuries and the amount awarded to Mr. Murray we find that the record is woefully lacking in the necessary proof as to the extent of her injuries, the period of her disability and consequent loss of earnings and the total expense necessarily incurred by Mr. Murray as a result of Mrs. Murray’s injuries.”
Plaintiffs-Appellees are husband and wife, the former suing for the wife’s loss of wages, doctor’s and medical bill, and the wife for her personal injuries.
The only witness to testify on the remand trial, who did not testify before, was Mrs. DeGeorge, employed by Nicholson’s Giant Supermarket, who testified Plaintiff was employed as a combination saleslady and waitress at the time of her injury. Mrs. DeGeorge produced the payroll showing wages earned by Plaintiff. Defendant objected to the payroll record because Mrs. DeGeorge did not actually write it. However, it was admitted by the District Court when Mrs. DeGeorge testified that, as Office Manager, she supervised all office work; and while the payroll was prepared by another clerk, it was under her supervision; that she personally knows Plaintiff was employed at the Supermarket earning 85 cents an hour. In addition to Mrs. DeGeorge, there was testimony of Plaintiff and a coworker that Plaintiff was so employed.
In the judgment on the first trial, the District Court allowed:
Loss of wages, 34 weeks at $48.00, $1632.00
Doctor bills, 19 visits at $5.00, 95.00
Medicine, 10.00
X-rays, 25.00
Total, $1,762.87
In addition, he allowed $1,500.00 to the wife for pain and suffering.
In his judgment on the second trial, after remand, he allowed the same items of recovery, except that the item for wages was reduced by $13.60, because the weekly rate should have been $47.60 instead of $48.00.
As for the allowance of $1,500 for pain and suffering of the wife, she was 42 years old, fell ten feet and injured her back.
The testimony of both doctors, one for Plaintiff and one for Defendant, who testified at the first trial, and Plaintiff’s doctor who alone testified on the second trial, is to the effect that Plaintiff suffered a sprain in the lumbosacral region. Dr. Par-ham, her physician, treated her until April 24, 1958; she was complaining of pain in the back, and was extremely nervous and crying. He found no objective reasons for her pain, all subjective.
Dr. Brown, orthopedic surgeon, for Defendant, testified at the first trial only. He examined Plaintiff for the first and only time on May 1, 1958, nearly ten months after the accident, and reported his findings as follows:
“I have a written report which I have submitted and I can review that *638 if you like. In other words, of gross deformity, there was no evidence of any scoliosis which is a curvature of the spine or any pelvic tilt which is a tilted pelvis to one side or the other. There was no muscle spasm of the muscles of the back and there was no list of the lumbar spine. The patient was capable of a complete range of motion of the lumbar and thoracic spine. However, as stated in my report, Mrs. Murray complained of some discomfort on the extreme flexion and lateral bending.
“Further examination of the patient revealed that the patient complained of some pain on pressure over the muscles and what we call the paravertebral area. That is the area adjacent to the spine of the back. The X-rays were done on the date of my examination in my office and revealed as stated no fracture or dislocation of the spine and it was my opinion in my report that Mrs. Murray probably sustained a mild strain of the lower lumbar area of the spine. However, on the date of my examination, I did not feel that the patient presented evidence of disability as a consequence of this injury which she informed me occurred in June of 1957. I felt that she recovered and as I stated in my report, I anticipated no residual disability in the future for the possible injury.”
We do not think the award of $1,500.00 to the wife for her pain and suffering over a period of ten months is excessive. Anderson v. Simmons, La.App., 75 So.2d 34; Wainwright v. Globe Indemnity Company, La.App., 75 So.2d 554; Futrell v. Pacific Indemnity Company, La.App., 79 So.2d 903; Cavelier v. Nola Cabs, Inc., La.App., 96 So.2d 102; White v. Trahan, La.App., 111 So.2d 561.
Accordingly, the judgment of the District Court is affirmed; Defendant to pay all costs.
Affirmed.