YARRUT, Judge.
Plaintiffs sue to recover $6,240.00 damages for personal injuries and loss of wages allegedly suffered by the wife while employed in the home of Defendant as a general household domestic, for about a year, due to Defendant’s negligence in failing to repair a defective basement floor, where the injury occurred.
In the alternative, Plaintiffs claim the wife is entitled to recover under La. Workment’s Compensation Law, due to her strenuous and heavy work, consisting of handling heavy furniture; contact with medical supplies, equipment and chemicals; the cleaning of machinery and appliances; the use of án automobile; and the operation and cleaning of various electrical appliances, which was part of the regular trade, business or occupation of Defendant, as midwife.
By amended petition, Plaintiff joined Employers’ Liability Insurance Corporation, Ltd. as a Defendant, since it was the comprehensive liability insurer of Defendant and her premises.
Defendants denied liability, though admitted the wife’s employment solely in the capacity of a housemaid, scrubwoman, cook and laundress.
In the alternative, Defendants charge that any injury that was sustained was due to her own negligence and want of ordinary care while engaged in her duties, and her assumption of risk in the performance thereof.
From a judgment in favor of Defendants and against Plaintiffs the latter have taken this appeal. Reference herein to “Defendant” will be to Mrs. Clifford only; and reference to “Plaintiff” singularly will be to Mrs. Jackson.
At the outset, we must hold that Plaintiffs’ alternative plea of coverage under the Workmen’s Compensation Law is not well-founded. Plaintiff was employed as a domestic in the house of Defendant. Plaintiffs sought to prove Defendant was a midwife and Plaintiff assisted her as such, during which Plaintiff came in contact with various chemicals; and the necessity of using an automobile to shop for Defendant.
Defendant admitted she had been a practicing midwife and was listed in the telephone directory as such, but because of her advanced age (75), crippled by arthritis, which paralyzed her hands and fingers and made it difficult for her to get around, she had long since discontinued her practice before she employed Plaintiff as a domestic.
The chemicals the wife mentioned were such as are found in any family residence. Even if Plaintiff were classified as a nurse’s aide, she could not recover under the Compensation Law. LS A-R.S. 23:1035; Guidry v. New Amsterdam Casualty Company, D.C., 148 F.Supp. 248, Id., 5 cir., 252 F.2d 233; Hymel v. Employers Liability Assurance Corporation, Ltd., of Great Britian, La.App., 113 So.2d 481.
Plaintiffs further seek recovery under the Compensation Law because the wife was requested to, and, on occasions, was driven by her husband in their family automobile to purchase supplies for Defendant. Defendant did not own an automobile. When Plaintiffs made the purchases they did so in their own automobile during the weekend while marketing for themselves.
The liability vel non of Defendants, therefore, is ex delicto, and depends solely on the question whether Defendant know *725 ingly maintained defective premises, of which Plaintiff was ignorant.
In Murray v. Patton, La.App., 118 So.2d 704, the court cited its language in an earlier case:
“ * * * knowledge of a ‘generally defective condition’ will not defeat an action ‘unless the particular defect which caused the injury is such as to indicate apparent, imminent danger.’” Guidry v. New Amsterdam Casualty Company, supra; Prudhomme v. Berry, La.App., 69 So.2d 620; Jennings v. Bolte, La.App., 168 So. 377.
■ Plaintiff testified she slipped on the basement pavement located by the side of a stove and the basement stairs, causing her to strike her knee, twist her back and pull her shoulder. She said she passed there all the time, and cleaned it every Wednesday. She identified a signed statement she made in which she stated: “The floor is in good condition and lighting was good and, as I stated before, the reason I fell was the water on the floor.”
A witness who had occasion to use the basement for political meetings testified the basement was in good condition, had no depressions and, on many occasions, he pre-sonally supervised the cleaning of it for his meetings.
We doubt seriously that, because of the delay in advising Defendant of her alleged injury, Plaintiff suffered such injury on the premises.
However, even conceding, arguendo, that she was injured as alleged, it was not due to Defendant’s negligence, but to her own negligence in not taking ordinary care to observe the wet floor she herself created while cleaning it, as she had done weekly for over a year without suffering any injury.
The cases cited by Plaintiff are not apposite here. They are to the effect that knowledge alone, on the part of the injured party, that the premises were in a defective condition will not defeat an action for damages against the owner of the premises, because the injured party could not be expected to be constantly on her guard against this ever-present danger, however long continued. In this case, if the wet pavement was the danger, it was created by Plaintiff and she slipped because she failed to take ordinary care to avoid it.
For the reasons herein assigned, the judgment appealed from is affirmed; Plaintiffs to pay costs in both courts.
Affirmed.