FRUGÉ, Judge.
Plaintiff, Bessie Melancon Floyd, a domestic servant in the employ of defendants, Mr. and Mrs. John W. Lawson, brought suit for personal injuries she incurred when she allegedly slipped and fell while going about her work at defendants’ home. Mrs. Floyd’s husband joined in the suit seeking recovery for loss of wages and medical expenses. Defendants’ liability insurer, Trinity Universal Insurance Company, was made a defendant to the suit.
After trial on the merits, plaintiffs’ suit was dismissed. From the adverse judgment plaintiffs take this appeal.
Plaintiffs’ principal contention is that Mrs. Floyd’s injuries were attributable to defendants’ negligence in that they gave their pet dog a toy bone, which the dog left on the steps of the Lawson home and on which Mrs. Floyd slipped and fell when she stepped on the bone.
The plaintiff, Mrs. Floyd, and the defendants, Mr. and Mrs. Lawson, were the only witnesses called to testify as to the occurrence of the accident. Mrs. Floyd testified that she slipped and fell on the steps inside the Lawson home when she stepped on a toy plastic bone with which the Lawson’s small dog, a house pet, customarily played. She stated that she had requested of the Lawsons not to give the dog the bones to play with while she was working because of his propensity to leave them scattered about. The request in the past had been honored.
She testified that on the morning of the day she was injured she had, in the regular course of her duties, picked up four plastic bones and placed them on a shelf out of the dog’s reach. In the early afternoon, while descending the steps with a mop, broom, and bucket of water in her hands, she slipped on a toy bone. She testified that she did not know how it got on the steps and denied having given the bone to the dog. She further stated that she and Mr. and Mrs. Lawson were the only persons on the premises during the course of the day.
Mrs. Lawson testified definitely that she had not given the pet dog a toy bone while Mrs. Floyd was working. Mr. Lawson likewise denied having given the dog the bone but stated that he might have played with the dog during the course of the time in which he was home for the noon meal.
In summary, all of the witnesses denied any knowledge of how the bone came to be on the steps.
Plaintiffs contend that where a domestic animal causes injury, the owner of the animal has the burden of proving himself free of fault to avoid liability. For this proposition plaintiffs rely on the cases of *845 Kennedy v. Frierson, La.App. 2nd Cir., 142 So.2d 838; Mercadel v. Phoenix of Hartford Insurance Co., La. App. 4th Cir., 144 So.2d 670; and Kling v. United States Fire Insurance Co., La.App. 1st Cir., 146 So.2d 635. The cases cited are inapplicable. The Kennedy case involves the duty of a livestock owner to prevent his stock from roaming at large on a public highway in violation of a Parish ordinance. The Mercadel and Kling cases deal with the burden of proof placed on the owners of vicious dogs. In the latter cases, it must first definitely be shown that the animals caused injury before the burden of proof is placed on the owner to exculpate himself of any negligence.
In the instant case it has not been definitely shown that the toy bone was placed on the steps by the dog. If, in fact, the bone was left by the dog, then we believe a reading of the record is no more persuasive that the dog was given the toy bone by Mr. or Mrs. Lawson than it is of the possibility that the toy bone was one that plaintiff inadvertently failed to pick up on arriving at work.
Plaintiffs’ additional contention that defendants are liable for failure to furnish their domestic employee a safe place in which to work is equally without merit. It is only where a domestic employer knowingly or negligently maintains a defective premises of which the employee is ignorant that the employer is held liable for resulting injuries to the employee. Jackson v. Clifford, La.App. 4th Cir., 159 So.2d 723. Plaintiffs have failed to show any negligence on the part of defendants which contributed to Mrs. Floyd’s injuries.
It is our opinion that plaintiffs’ suit must fall for reason of failure of proof. We find that the judgment of the district court dismissing plaintiffs’ suit is correct and it is hereby affirmed. Plaintiffs shall bear the cost of this appeal.
Affirmed.