SAMUEL, Judge.
This is a suit in tort for damages resulting from an accidental injury to Mrs. Inez Huguenel Truitt. She and her husband are plaintiffs. The sole defendant is her employer at the time of the accident. Defendant’s answer denies negligence on its part and alternatively pleads contributory negligence. There was judgment in the trial court, against the defendant and in favor of the two plaintiffs, awarding the wife $500 and the husband $750. Defendant has appealed therefrom. Plaintiffs have answered the appeal seeking an increase in both awards.
Mrs. Truitt was the only witness to the occurrence of the accident and there is no dispute over the facts of that occurrence.
She had worked for approximately seven years in the retail store operated by defendant. At about 6 p.m. of the day on which the accident happened, a Saturday, she picked up a pair of her husband’s trousers from a cleaning establishment, brought them to the store and hung them on an overhead pipe in the store’s stockroom, using a stepladder in the stockroom to reach the pipe. Mrs. Truitt left the store premises with the manager shortly after the store closed at 8 p.m. She forgot the trousers, remembering them only after reaching her car and either after the manager had locked the door or was in the process of doing so.
In response to Mrs. Truitt’s request that she be permitted to go back into the store, the manager opened the door and remained there, holding her package and purse while she returned for the trousers. She went into the stockroom, put both feet on the bottom step of the same ladder she had used before, and got the trousers. While Mrs. Truitt was in the process of stepping *867 down to the floor the ladder fell back towards and onto her, knocking her to the floor and fracturing her, hip.
On the date of the accident some night lights had been left on in the premises after closing, this being customarily done by the store. Mrs. Truitt knew where the light switches were located, two of them were close to the ladder and the trousers, but she did not turn on any lights. She testified there was no need to do so; there was sufficient light from the night lights so that she could see everything, including the ladder. The ladder was an ordinary household one designed to be used with its two legs opened. It was kept in the stockroom for use by any employee, including Mrs. Truitt who was a cashier but occasionally did work in the sales area, who needed a stepladder in any part of the store. There is no allegation or proof that the ladder was defective in any way. When used by Mrs. Truitt it was in an upright position leaning against a set of shelves with its legs folded or closed. The record also discloses that the store furnished a clothes locker for its female employees but the testimony is in conflict as to whether or not that locker was large enough for all of those employees and available for use by Mrs. Truitt on the date of the accident. The overhead stockroom pipe was often used by employees to hang clothes.
In this court counsel for plaintiffs argues the defendant knew: (1) its employees hung their clothes on the storeroom pipe in question; (2) it was necessary to use a ladder or some other raised object to reach the pipe; and (3) the nearby stepladder leaning against the shelves was used by the employees to reach the pipe. He contends that because of this knowledge defendant’s failure to have the ladder secured or tied down, or to provide a safer method for the use of the pipe as a hanging place for clothes, constitutes negligence on the part of the defendant.
Our attention has not been called to any authority, and we know of none, under'which we could hold the defendant in the instant case guilty of negligence. However, we deem it proper to consider first the plea of contributory negligénce. If Mrs. Truitt was guilty of negligence which was a proximate cause of the accident, plaintiffs cannot recover regardless of whether or not there was negligence on the part of the defendant.
From our reading of the entire record we are satisfied the cause of the accident was as described by Mrs. Truitt herself in a statement given by her prior to trial and recorded on a disc which was introduced in evidence. In response to a question as to whether the ladder she had used was owned by the store or by someone doing repair work on the store building, she answered :
“A. No. It belonged in the store. I stepped on it in the morning to put the pants up on it. Well, I think the ladder was probably too straight. I should have tilted the ladder so when I took one foot off the ladder it took the weight of it off and it tilted the ladder over and the ladder fell and knocked me over.”
The ladder was in too straight a position for safety; its use in that position obviously was dangerous and likely to result in a fall. Mrs. Truitt should have realized this. She knew, or certainly should have known, the ladder easily could have been placed on a firm base, with little or no danger of falling, by opening the ladder legs before ascending the first step and that the danger even more easily could have been lessened, without opening the legs, by moving the ladder so that it would lean against the shelves at a greater angle. Yet she elected to ascend the ladder without taking any precautions at all.
We conclude Mrs. Truitt was guilty of negligence which was a proximate, if not the sole, cause of the accident. That negligence precludes any recovery by the plaintiffs.
*868 For the foregoing reasons, the judgment appealed from is annulled, set aside and reversed, and it is now ordered that there be judgment in favor of the defendant, G. C. Murphy Company, and against the plaintiffs, Inez ITuguenel, wife of and R. L. Truitt, dismissing said plaintiffs’ demand ; all costs in both courts to be paid by the plaintiffs-appellees.
Reversed and rendered.