HOOD, Judge.
This is a suit for damages for personal injuries sustained by plaintiff when he fell from a ladder which he was using in painting a barn owned by Dr. R. Pearce Foster. The suit was instituted against Hartford Accident and Indemnity Company, the insurer of Dr. Foster. Judgment was rendered by the trial court in favor of defendant, and plaintiff has appealed.
Plaintiff is a 68 year old Negro man who for the last three years has been working as a “handy-man,” doing odd jobs for various employers. Prior to that time he worked for 29 years as a “general handy-man” for the Alexandria City Water Department. He testified that he knows how to paint and that he is familiar with the use of ladders.
Dr. Foster, a physician and surgeon, has known plaintiff for many years and at various times he had employed plaintiff to do odd jobs around his home and premises. On May 28, 1964, he hired plaintiff to paint a portion of a barn owned by him, and he agreed to pay plaintiff $1.00 per hour for the work which he performed. He furnished plaintiff with a ladder and with the paint and brushes which he needed in order to do this painting.
Pursuant to this agreement, plaintiff reported for work on the morning of May 28, 1964. He leaned the ladder against the barn, and mounted it for the purpose of painting a part of the outside wall of the barn. While he was engaged in painting he fell from the ladder to the ground, a distance of ten or twelve feet, fracturing his hip.
Plaintiff contends that the accident was caused by the negligence of Dr. Foster in failing to provide him with a safe ladder, in failing to warn him of the defects or unsafe condition of the ladder, and in assigning plaintiff, an unskilled worker, to perform the duties of a skilled laborer. Plaintiff contends that the ladder was defective and unsafe because it was not provided with corregated feet to prevent it from slipping, and because there was no platform on the ladder on which the paint bucket and brushes could be placed while plaintiff was mounted on the ladder.
The evidence shows that the ladder which was furnished by defendant was an aluminum extension ladder, that it was of standard design and that it was equipped with adjustable corrugated feet at the bottom of the ladder. The corrugated feet on the ladder were designed to prevent it from slipping. The ladder was sturdily constructed and we agree with the trial judge that it was not defective or unsteady. As stated by plaintiff, it was not equipped with a platform on which a bucket of paint or brushes could be placed while the painting was being done.
No one, other than plaintiff, was present when the accident occurred. Plaintiff testified that “it look like it was gonna rain and I was trying to get that gable end first before it rained so I could get under the shed while it was raining.” Dr. Foster testified that shortly after the accident occurred plaintiff told him “I leaned out, I was hurrying to try and get through before the rain come so I could get inside if it rained and I leaned out too far and lost my balance and fell.” Dr. Foster also stated *544 that he used the ladder shortly after the accident occurred to finish painting the barn, that he had used it on many other occasions before and after the accident and that he has never observed any defect in the ladder or experienced any unsteadiness in it.
The trial judge found that there was no defect in the ladder, that the ladder was equipped with “skid-proof footing,” that plaintiff was intelligent and had had considerable experience as a handy-man, that the ladder did not slip, and that “the cause of the accident resulting in injuries to this plaintiff was his own sole negligence in leaning out too far while up on the ladder.” He further concluded that the ladder was a “simple tool,” and that there was no negligence on the part of Dr. Foster in failing to warn plaintiff of the dangers involved in using such a tool or in failing to give plaintiff instructions as to the use of a ladder.
We concur in the conclusions which were reached by the trial court. The issues presented here are similar to those which were presented in Truitt v. G. C. Murphy Company, 192 So.2d 866 (La.App. 4th Cir. 1966). There, a ladder fell back toward Mrs. Truitt as she attempted to mount it. The court found that the sole cause of the accident was plaintiff’s failure to open the legs of the step ladder or to move the ladder so that it would lean against the shelves at a greater angle. See also Jennings v. Bolte, 168 So. 377 (La.App.Orl. Cir.1936).
In the instant suit plaintiff was an experienced handy-man. He was familiar with ladders and he knew how to paint. The ladder was a simple tool, there were no defects in it and plaintiff was aware of the fact that it did not have a platform on which to place a bucket of paint and brushes while he was mounted on the ladder. Under those circumstances, we agree with the trial judge that Dr. Foster was not negligent in failing to provide a safe ladder or in failing to warn plaintiff of the dangers involved in using a ladder or in failing to provide a platform for the paint and brushes. We conclude, as did the trial judge that the sole cause of the accident was Howard’s negligence in leaning out too far from the ladder as he was mounted on it.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.