Le SUEUR, Judge.
Plaintiffs appealed from a judgment in favor of defendants, dismissing their action resulting from the death of their son. Plaintiffs are the parents of Thomas James Anderson, Jr., and brought this action on behalf of themselves and the brother and sister of Thomas, Jr.
On December 4, 1965, Thomas James Anderson, Jr. was working for Dr. Lathrop, as he had done for approximately 3 months. Young Anderson was a full time senior at Southern University in New Orleans and worked for Dr. Lathrop on weekends and holidays. His duties were those of general handyman and he performed whatever tasks were required of him.
On December 4, 1965, Dr. Lathrop instructed young Anderson to paint the roof over the swimming pool in his yard, and provided him with an aluminum extension ladder upon which to stand, and a ladder upon which to place the necessary paint and brushes. The top of the extension ladder was to be placed against the rafters under the roof with the base of the ladder resting on the brick coping around the swimming pool. At approximately 12:50 o’clock p. m. when Dr. Lathrop went inside to eat his lunch, the ladder was in place and young Anderson was spreading a plastic cover over the part of the pool under the area to be painted. When Dr. Lathrop returned to the pool area at approximately 1:10 o’clock p. m., he discovered the body of young Anderson in the pool, pulled him out and administered mouth-to-mouth resuscitation, but to no avail.
An autopsy was performed which determined the cause of death as drowning and which indicated a bruise on the right forehead, but which failed to indicate a skull fracture.
At the time of trial, Dr. Lathrop- testified that he did not warn Anderson of any danger inherent in painting over the pool on the ladder nor did he supervise the painting. He and his insurer denied any negligence on his part and alleged contributory negligence on the part of Anderson in using the ladder which he knew, or should have known, to be unsafe.
Judgment was rendered in the lower court against defendant, Aetna Casualty and Surety Company, in the sum of $1’,-000.00 for funeral expenses under the voluntary medical payments clause in a policy which Aetna had issued to Dr. Lathrop, and which provided for payment of these expenses regardless of legal liability of the insured. On the merits of the claim for wrongful death, the court decided in favor of the defendants and dismissed the suit as to them.
Although the exact facts concerning Anderson’s death are unknown, the more logical explanation is that Anderson fell from the ladder, struck his head, and fell into the pool unconscious. This explanation is strengthened due to the testimony that Anderson was a capable swimmer and surely could have gotten out of the pool if he had been conscious.
Because of the lack of facts concerning this tragic accident, we can appreciate the plaintiffs’ onerous burden in proving their tort action against the defendants. Nevertheless, we must apply the law as written and must not forget that plaintiffs must prove the negligence of Dr. Lathrop to recover.
Although Dr. Lathrop admits that he did not warn young Anderson of any danger inherent in painting over the pool and did not supervise the work done, these omissions are not negligence per se sufficient *442 to allow recovery unless they caused the accident and decedent was not contribu-torily negligent. The ladder was proven free from defects, leaving the negligence of the respective parties as determinant of liability.
Ladders in the jurisprudence of this state have long been held to be simple tools, such that the master is not held to have superior knowledge concerning its use upon which the servant can rely. This was the holding in Jennings v. Bolte, 168 So. 377 (Ct.App. Orleans 1936), in which this court held:
“We are of the opinion that the ladder was a simple tool and that the doctrine, as recognized in this and other jurisdictions, to the effect that the master is not held to the same degree of care as obtains where more complicated appliances are involved, applies here. The servant in that case was at least as familiar with the use of the stepladder as the master and the rule that the servant has a right to rely on the superior knowledge and judgment of his master and to assume that the master would not expose him to a risk not apparent to the servant, but easily discoverable by the superior intelligence of the master, has no application.”
In Truitt v. G. C. Murphy Company, 192 So.2d 866 (Ct.App. 4th Cir.1966), this court held when an employee ascends a ladder in an obviously dangerous position, which he knew or should have known, when this dangerous condition was easily corrected, the servant was guilty of contributory negligence which was the proximate cause of injury regardless of any negligence on the part of the employer.
The rules of law applicable to the present case are found in Swilley v. American Fire & Casualty Company, 148 So.2d 157 (Ct.App. 1st Cir.1962), at page 160:
“We are fully cognizant of and in complete agreement with that line of jurisprudence which holds that an employer who places his employee in a position of undisclosed danger is liable to the employee who is injured thereby. However, we believe said principle inapplicable to the case at bar. The instant case, we believe, falls within the equally well established rule that an employee who exposes himself to a known danger assumes the risk of such exposure and is guilty of contributory negligence if he suffers injury as a result thereof. Also applicable to the case presently before us is the rule that a mature individual performing the ordinary work he was engaged to do, the risks of which are obvious, assumes the risk of the employment and no negligence is imputable to his employer for an accident to the employee therefrom.”
Applying the foregoing law to the facts in the present case, we find no negligence on the part of Dr. Lathrop. and no defect in the equipment he furnished. All parties admit that young Anderson was an intelligent college senior. He was, therefore, able to evaluate the risks of performing his assigned task, and, in the absence of negligence on Dr. Lathrop’s part, we are unable to allow recovery against Dr. Lath-rop or his liability insurer.
For the foregoing reasons, the judgment of the trial court rendering a judgment in favor of plaintiffs, Mrs. Marie Ruth Zeno, wife of and Thomas James Anderson, and against the defendant, Aetna Casualty & Surety Company, in the full sum of One Thousand and no/100 Dollars ($1,000.00), plus interest from judicial demand until paid, and for all costs, and dismissing plaintiffs’ suit against Dr. Donald D. Lathrop is affirmed.
Affirmed.